W. SHARP, Judge.
General Accident Insurance Company of America (“General Accident”) appeals from the trial court’s declaratory judgment which ruled that Southern Insurance Company (“Southern”) had the primary insurance coverage for a truck-tractor,[1] but limited Southern’s primary coverage to $10,-000, pursuant to section 324.021(7)(a), Florida Statutes (Supp.1986). The ruling is based on the trial court’s finding that the weight of the truck-tractor at the time of the accident was less than 26,000 pounds because it was being driven with a temporary dealer tag on the highway without a semi-trailer[2] attached. Thus, section 627.-7415, which requires much greater insurance coverage limits, did not apply. We disagree and reverse.
The facts in this case are not in dispute. The 1980 Mack truck-tractor involved in the accident had been previously owned by a leasing company, whose registration certificate listed its gross weight at 80,000 *187 pounds. The certificate had expired at the time of the accident, and the truck-tractor was then owned by Central Florida Mack Truck for sale as part of its inventory. Central Florida obtained a temporary tag for the truck-tractor, and it did not apply for a title.
George Lloyd, a salesman for Central Florida, drove the truck-tractor to Caribe Distributor’s place of business on July 1, 1986. He left the truck-tractor there so that Morell, president of Caribe, could “test drive” it for a few days. Morell had .expressed an interest in purchasing the truck-tractor.
On July 2, 1986, Morell drove the truck-tractor on a highway in Hillsborough County Florida, without a trailer. Unfortunately, Morell had an accident in which the passengers of an automobile were injured. The passengers brought suit against Mo-rell, Caribe, and Central Florida.
Two insurance companies issued policies which cover the injuries in this case. General Accident is Caribe’s insurer and its policy provides for $50,000 liability coverage. Southern is the insurer for Central Florida, and it had issued a $500,000 policy.
The trial court determined that Southern was the primary carrier because its insured was the owner of the truck-tractor. However, it-held that Southern’s primary coverage is limited to the minimum coverage required by section 324.021(7). That provision only requires coverage of $10,000 per accident, or $20,000 per occurrence. Thus, the court ruled that General Accident’s $50,000 coverage would be exhausted before reaching the $490,000[3] balance of Southern’s policy. General’s appeal relates solely to this limitation and allocation.
There are no cases dealing with this question reported in Florida that we have discovered. There is, however, a confusing barrage of possibly applicable statutes. If we err here, it is on the side of requiring more, rather than less, insurance coverage, in order to carry out Florida’s public policy of protecting the motoring public on our public streets and highways. § 627.731, Fla.Stat. (1989).
Section 324.021(7), Florida Statutes (Supp.1986) provides the minimum liability coverage that in general must be obtained for a motor vehicle:
(a) In the amount of $10,000 because of bodily injury to, or death of, one person in any one accident;
(b) Subject to such limits for one person, in the amount of $20,000 because of bodily injury to, or death of, two or more persons in any one accident ...;
⅝ * ⅜ 8⅞! ⅝ ⅝
(d) With respect to commercial motor vehicles and non-public-sector buses, in the amounts specified in §§ 627.7415 and 627.742, respectively.
Both parties agree the truck-tractor in question is a “commercial vehicle.”[4] Pursuant to section 627.7415, commercial vehicles over 26,000 pounds are required to have more insurance than those covered only by section 324.021(7). Section 627.-7415, Florida Statutes (Supp.1986) provides:
Commercial motor vehicles, as defined in § 207.002(2) operated upon the roads, and highways, of this state shall be insured with the following minimum levels of combined bodily liability insurance and property damage liability insurance in addition to any other insurance requirements:
(1) Fifty thousand dollars per occurrence for a commercial motor vehicle with a gross vehicle weight of 26,000 pounds or more, but less than 35,000 pounds.
(2) One hundred thousand dollars per occurrence for a commercial motor vehicle with a gross vehicle weight of 35,000 pounds but less than 44,000 pounds.
(3) Three hundred thousand dollars per occurrence for a commercial motor *188 vehicle with a gross vehicle weight of 44,000 pounds or more.
In turn “gross vehicle weight,” as used in the Florida Statutes is defined as meaning:
[T]he gross vehicle weight of a truck tractor and semitrailer combination and is calculated by adding to the net weight of the truck tractor the gross weight of the semitrailer, which is the maximum gross weight as declared by the owner or person applying for registration.
§ 320.01(11), Fla.Stat. (Supp.1986).
Southern argues that the truck-tractor in this case falls below the greater insurance coverage requirements of section 627.7415 because at the time of the accident, it had no attached semi-trailer, and its net weight was only 16,000 pounds. The prior owner’s certificate had expired, so the declaration of 80,000 pounds in the truck-tractor’s registration was no longer effective. Since dealers do not need to obtain titles while vehicles are held in their inventory for sale, there was no current declaration of gross weight for this vehicle at the time of the accident. Thus, the general provisions of section 324.021(7) apply.
Indeed it appears that truck-tractors owned and held by dealers for sale, where no certificate of gross weight is obtained or applicable, are not clearly covered by section 627.7415. However, it makes little sense in the overall legislative scheme to exclude them. Coverage does not go up and down for the truck-tractors owned and titled merely because they are driven on roads without their semi-trailers, or with unloaded semi-trailers.
In this case, it was merely fortuitous that when the accident occurred Morell was test driving this truck-tractor without a semi-trailer. He could very well have chosen to test out the operation of the truck-tractor by connecting it to a semi-trailer. Neither Lloyd nor Central Florida gave him instructions to drive it without a semi-trailer. For no other category of truck-tractors other than those in dealer’s inventories would the insurance coverage requirement differ, based on a semi-trailer vel non, were we to adopt Southern’s argument.
If a dealer in truck-tractors such as Central Florida wishes to reduce its insurance coverage requirement for its inventory, it could file a new weight declaration on title registrations for each truck-tractor, and enforce any gross weight limitations should a semi-trailer be attached and the combination operated on the highway. It could also declare merely the net weight of the vehicle and then enforce and make certain the truck-tractor is never driven attached to a semi-trailer. It could also not permit truck-tractors held in its inventory to be driven on the public highways and roads. But if it does none of these things, the prior owner’s gross weight declaration should control.
Accordingly, we hold that in this case, the gross vehicle weight of the truck-tractor was 80,000 pounds, and Central Florida as owner was required by section 627.7415 to obtain insurance coverage for it of $300,-000. Thus, Southern’s primary coverage here is for $300,000. We reverse the trial court’s judgment on that point, and remand for entry of a judgment consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.

. See § 320.01(10), Fla.Stat. (Supp.1986).

. See § 320.01(5), Fla.Stat. (Supp.1986).

. It appears the final judgment contains a clerical error. Paragraph C lists the remaining coverage under Southern's insurance policy as $490,000. However, since more than one person was injured, the $20,000 per occurrence figure would apply and the correct figure should have been $480,000.

. § 207.002(2), Fla.Stat. (Supp.1986).