587 So.2d 480 (1991)
Julio Ceasar SUAZO, By and Through his mother and next friend, Zoila SUAZO, and Zoila Suazo, individually, Appellants,
v.
Barbara M. DEL BUSTO, Delia Del Busto, and Travelers Indemnity Company, Appellees.
No. 90-812.
District Court of Appeal of Florida, Third District.
August 13, 1991.
On Motion for Rehearing and Suggestion for Certification November 5, 1991.
David C. Arnold, Miami, for appellants.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellees.
Before NESBITT, FERGUSON and COPE, JJ.
FERGUSON, Judge.
The Suazos appeal from an order which finds that only $10,000 in coverage is provided under a school bus liability insurance policy. In deciding whether the policy provides the minimum coverage required by law we are called upon to wade through a series of vague and conflicting statutes in search of legislative intent.[1]
Seven-year-old Julio Suazo was injured when struck by a nonpublic-sector bus owned and operated by Del Busto. The bus, with a seating capacity in excess of twenty-four students, was used to transport pupils from a public elementary school to a private after-school care facility. Following *481 a mediation hearing, Suazo and Del Busto entered into a settlement agreement stipulating that Suazo sustained $25,000 in damages.
Del Busto argues that under its policy with Travelers Insurance Company liability is limited to $10,000 per person or $300,000 per occurrence, therefore, the Suazo's recovery under the policy can be only $10,000. The Suazos contend that section 627.412(1), Florida Statutes (1989), requires all insurance contracts to contain provisions mandated by the insurance code and that an insurance policy not in compliance with the insurance code must be construed and applied as if it were in full compliance. § 627.418, Fla. Stat. (1989). According to the Suazos, the $10,000 per person policy limit covering the bus which struck Julio was not in accordance with the code and thus requires that the policy be construed or reformed to comply with statutorily mandated levels.
The difficulty in determining the appropriate amount of coverage in this case is caused by the awkward wording of the statutes pertaining to insurance coverage on nonpublic-sector buses.[2] In deciding the appropriate coverage for the bus in question, we are guided by the long-established principle that when statutes are susceptible of and in need of interpretation or construction, they will be construed so as to avoid illogical results. Tampa-Hillsborough County v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926, 929 (Fla. 1983). Moreover, statutes should be construed to effect the obvious intent of the legislature. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Curry v. Lehman, 55 Fla. 847, 47 So. 18 (1908).
Section 324.021(7), Florida Statutes (1989), which establishes the general minimum liability coverage for motor vehicles, provides in subsection (d) that nonpublic-sector buses must have coverage in the amount specified in section 627.742.[3] Section 627.742 requires a nonpublic-sector bus to carry (a) proof of ability to respond to damages for liability for body injury in the amount of $100,000 for one person and $300,000 for two or more persons, or (b) an insurance policy for liability "in a sum not less than $300,000."
The Suazos conclude, therefore, that section 627.742 requires coverage greater than the $10,000 limit set generally by section 324.021(7) for automobiles. Del Busto replies that section 627.742 does not apply because subsection (2) of that statute provides that "school buses subject to the provisions of chapter 234 or section 316.615 are exempt from the provisions of this section."
Section 234.051 defines a school bus as a vehicle used to transport children to school or school activities "which is owned, operated, rented, contracted or leased by any school board." As to the amount of tort liability, section 234.03 sets the amount at $5,000 per seat or $100,000, whichever is greater. Thus, even if chapter 234 applied to the bus in question, minimum tort liability has been set at $100,000 by this chapter. The other section referred to in 627.742(2), is section 316.615, entitled "Inspection of School Buses; Physical Requirements." The only provision in that statute referring *482 to motor vehicles with seating for more than twenty-four pupils, mandates that such vehicles comply with the requirements of chapter 234 and § 316.615(1)(a).[4]
Our reading of all of the cited statutes supports the Suazo's position that the legislature intended buses carrying more than twenty-four students to maintain tort liability coverage of not less than $100,000 per person. The policy issued to the Del Bustos was not in compliance with that minimum limit thus, must be construed and applied as if in full compliance with the code. § 627.418, Fla. Stat. (1989); Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979).
Reversed and remanded for further consistent proceedings.
NESBITT, J., concurs.
COPE, Judge (specially concurring).
That the issue presented by this case deserves legislative attention is shown by the fact that two state agencies  the Department of Highway Safety and Motor Vehicles, and the Department of Transportation  have submitted amicus briefs contending (a) that each has jurisdiction to regulate the insurance levels for private school buses; (b) that each has promulgated a rule which is applicable to the school bus involved in this case; and (c) disagreeing on the applicable level of insurance coverage.
As a preliminary matter, the plaintiffs' original contention in this case was that the applicable level of insurance coverage is that specified in section 627.742, Florida Statutes (1989). That statute applies to nonpublic-sector buses, a term which essentially encompasses all buses carrying persons for compensation, other than those owned or operated by governmental units or certain governmentally related nonprofit corporations. § 316.003(78), Fla. Stat. (1989).[1] Section 627.742 prescribes the required insurance levels for a nonpublic-sector bus.
Section 627.742 has an express exclusion which states: "[s]chool buses subject to the provisions of chapter 234 or s. 316.615 are exempt from the provisions of this section." Id. § 627.742(2). This language facially appears to eliminate school buses from the coverage of section 627.742, since chapter 234 addresses the responsibilities of school boards for the transportation of school children, while section 316.615 pertains to the inspection of school buses.
The Florida Department of Transportation argues, however, that the exclusion is not so broad as at first appears.[2] The Department says that the term "school bus" is specifically defined as "[a]ny motor vehicle that complies with the color and identification requirements of chapter 234 and is used to transport children to or from school or in connection with school activities, but not including buses operated by common carriers in urban transportation of school children." § 316.003(45), Fla. Stat. (1989) (emphasis added). The Department argues that a privately owned school bus used for the transportation of school children in an urban setting like Dade County is a common carrier, and is therefore excluded from the statutory definition of "school bus." The Department *483 goes on to point out that under section 316.70, Florida Statutes (1989), it is authorized to promulgate insurance regulations for nonpublic-sector buses. While section 316.70 also contains the same "school bus" exclusion as is found in section 627.742, the Department takes the position that the "school bus" exclusion does not apply to a privately operated school bus under either statute. Reasoning from that premise, the Department of Transportation argues that its own Rule 14-82.009, Florida Administrative Code, is the applicable rule. That Rule is substantially identical to the statutory requirements set forth in section 627.742.
The difficulty with the Department of Transportation argument is that the school bus in question here is not a common carrier. As the defendants point out, a common carrier is "[a]ny carrier required by law to convey passengers or freight without refusal if the approved fare or charge is paid in contrast to [a] private or contract carrier." Black's Law Dictionary 249 (5th ed.) (emphasis added); see Riley v. Lawson, 106 Fla. 521, 537-39, 143 So. 619, 625-26 (1932). The school bus involved here is a private or contract carrier. It is therefore within the definition of "school bus" under the statute. It follows that the school bus at issue here is excluded from the coverage of section 627.742, as well as section 316.70 and the rule promulgated thereunder.
Turning next to the position of the Department of Highway Safety and Motor Vehicles, the school bus at issue in the present case fits within the class described by subsection 316.615(1), Florida Statutes (1989). The Department has interpreted the statute to require insurance having coverage equivalent to that contemplated by the statutory school board tort liability set forth in section 234.03, Florida Statutes (1989).[3]See Rule 15B-4.001(1)(o), Fla. Admin. Code; Florida Highway Patrol School Bus Inspection and Student Transportation Manual § 3.28.00. I concur that neither the Manual nor the Rule contemplate a limitation of coverage per person less than that specified by the formula.

ON MOTION FOR REHEARING AND SUGGESTION FOR CERTIFICATION
PER CURIAM.
We grant the request of Travelers Indemnity Company for certification insofar as it requests certification of the following question of great public importance:
What is the minimum amount of insurance required on a per-person basis for private school buses with more than twenty-four seats which are within the class described by section 316.615, Florida Statutes (1989)?
See Fla.R.App.P. 9.030(a)(2)(A)(v). We deny Travelers' request for certification under Florida Rule of Appellate Procedure 9.125 and Travelers' motion for rehearing.
NOTES
[1] At our invitation amici briefs were filed by the Department of Highway Safety and Motor Vehicles, the State Board of Education and the Department of Transportation. While we appreciate the responses of those agencies to the troubling questions presented, it is obvious that they were unable to show us a well-lit route out of the quandary.
[2] See General Accident Ins. Co. v. Southern Ins. Co., 563 So.2d 186 (Fla. 5th DCA 1990), where the court, referring to section 324.021(7), coverage for commercial motor vehicles and nonpublic-sector buses, lamented the "confusing barrage of possibly applicable statutes" and held that the trial court's finding of only $10,000 coverage pursuant to section 324.021(7) was erroneous. In reaching this result the court wrote "[i]f we err here, it is on the side of requiring more, rather than less, insurance coverage, in order to carry out Florida's public policy of protecting the motoring public on our public streets and highways." Id. at 187. (Citations omitted).
[3] § 324.021(7) PROOF OF FINANCIAL RESPONSIBILITY ...

(a) In the amount of $10,000 because of bodily injury to, or death of, one person in any one accident;
* * * * * *
(d) With respect to commercial motor vehicles and non-public-sector buses, in the amounts specified in §§ 627.7415 and 627.742, respectively.
(8) MOTOR VEHICLE LIABILITY POLICY  Any ... policy of liability insurance furnished as proof of financial responsibility ... in not less than the limits described in subsection (7).
[4] Pursuant to section 316.615(6), the Department of Highway Safety and Motor Vehicles has promulgated Florida Administrative Code Rule 15B-4 which requires all nonpublic school buses to have liability insurance. The minimum limits are set forth in the Department regulations entitled "School Bus Inspection and Transportation Manual." The provision of the regulation governing buses with seating in excess of twenty-four students reads as follows:

Every school bus will carry liability insurance in the minimum amount as required in § 234.03, Fla. Stat., to protect the pupils it is transporting. The amount shall be equal to $5,000 multiplied by the rated seating capacity of the bus, or $100,000, whichever is greater.
[1] The definition is:

(78) NONPUBLIC-SECTOR BUS.  Any bus which is used for the transportation of persons for compensation and which is not owned, leased, operated, or controlled by a municipal, county, or state government or a governmentally owned or managed nonprofit corporation.
Id.
[2] The Department of Insurance has adopted the position of the Department of Transportation.
[3] The Florida Department of Education's amicus brief takes the position that chapter 234, standing alone, applies only to school boards. The Department of Education did not address the extent to which chapter 234 might be made applicable to privately operated school buses by virtue of section 316.615.