614 So.2d 1071 (1992)
TRAVELERS INDEMNITY COMPANY, Petitioner,
v.
Julio Ceasar SUAZO, etc., et al., Respondents.
No. 79052.
Supreme Court of Florida.
December 24, 1992.
Rehearing Denied March 25, 1993.
Christopher Lynch of Angones, Hunter, McClure, Lynch & Williams, P.A., Miami, for petitioner.
David C. Arnold of the Law Offices of David C. Arnold, Miami, for respondents.
Loren E. Levy, Tallahassee, for amicus curiae the Academy of Fla. Trial Lawyers.
GRIMES, Justice.
We review Suazo ex rel. Suazo v. Del Busto, 587 So.2d 480 (Fla. 3d DCA 1991), in which the district court of appeal certified a question of great public importance. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Seven-year-old Julio Suazo was injured while being transported on a bus owned by Delia Del Busto and driven by Barbara Del Busto. The bus had a seating capacity in excess of twenty-four students and was used principally to transport pupils to and from a public school, then to an aftercare facility, and then to their homes. After mediation, the parties agreed that Julio's injuries were proximately caused by Barbara Del Busto's negligence and that the Suazos sustained damages of $25,000.
The Del Bustos carried a liability policy with Travelers Indemnity Company. However, there was a dispute with respect to the amount of coverage applicable to the Suazos' claim. Travelers' policy provided liability insurance for bodily injury in the amount of $10,000 per person and $300,000 per occurrence, but the Suazos claimed that the policy was legally required to provide greater coverage. Travelers stipulated to jurisdiction, and it was agreed that if the Suazos prevailed on the legal issue, Travelers would pay them $25,000. On the other hand, if the court upheld the provisions of Travelers' policy, the Suazos would accept a $10,000 payment by Travelers in full satisfaction of their claim.
The trial court ruled in favor of Travelers. The district court of appeal reversed but certified the following question as being of great public importance:
WHAT IS THE MINIMUM AMOUNT OF INSURANCE REQUIRED ON A PER-PERSON BASIS FOR PRIVATE SCHOOL BUSES WITH MORE THAN TWENTY-FOUR SEATS WHICH ARE WITHIN THE CLASS DESCRIBED BY *1072 SECTION 316.615, FLORIDA STATUTES (1989)?
Suazo v. Del Busto, 587 So.2d at 483.
Travelers' policy clearly provides coverage of only $10,000 per person. However, if the law requires greater liability coverage to be offered, the policy must be construed to provide the greater coverage. § 627.412, Fla. Stat. (1989); Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971). Therefore, the answer to the certified question will resolve all remaining issues in the case.
Section 324.021(7), Florida Statutes (1989), sets the general minimum requirements of liability coverage for motor vehicles at $10,000 for injuries to one person and $20,000 for injuries resulting from one accident. However, section 324.021(7)(d) provides that nonpublic-sector buses shall carry insurance in the amount specified in section 627.742. Section 627.742, Florida Statutes (1989), reads as follows:
(1) In addition to any other insurance requirements, each nonpublic-sector bus must carry:
(a) Proof of ability to respond in damages for liability on account of accidents arising out of the use of the nonpublic-sector bus:
1. In the amount of $100,000 because of bodily injury to, or death of, one person in any accident;
2. Subject to such limits for one person, in the amount of $300,000 because of bodily injury to, or death of, two or more persons in any one accident; and
3. In the amount of $50,000 because of injury to, or destruction of, property of others in any one accident; or
(b) A policy of insurance providing for bodily liability insurance and property damage liability in a sum of not less than $300,000.
(2) School buses subject to the provisions of chapter 234 or s. 316.615 are exempt from the provisions of this section.
Because it was stipulated that the Del Busto vehicle was both a nonpublic-sector bus and a school bus, the provisions of subsection (2) eliminate the applicability of section 627.742 and require a reference to chapter 234 or section 316.615. However, chapter 234 is also inapplicable because section 234.051, Florida Statutes (1989), defines school buses only as those buses owned, operated, rented, contracted, or leased by any school board.
Section 316.615, Florida Statutes (1989), reads in pertinent part:
(1)(a) All motor vehicles, other than private passenger automobiles and school buses with a seating capacity of less than 24 pupils, which are used primarily for the transportation of pupils to school, but which are not operated by or under the purview of the state or a political subdivision thereof or under a franchise issued by a municipality or the Public Service Commission, shall comply with the requirements for school buses of chapter 234.
(b) For the purposes of this section the term "school" includes all public and private nursery, preelementary, elementary, secondary, and college level schools.
... .
(3)(a) No person shall operate or cause to be operated a motor vehicle covered by subsection (1) unless the operator has met the physical examination requirements established by law and by rule adopted by the State Board of Education.
(b) Every school bus driver shall pass an annual physical examination and have posted in the bus a certificate to drive same.
(4) All school buses and all motor vehicles covered by subsection (1) shall be inspected annually by the department and, when found satisfactory for safe operation, shall display on the vehicle a current certificate of inspection. The department is authorized to conduct a pilot program utilizing qualified private contractors selected in accordance with chapter 287 for inspections required for nonpublic school buses by this subsection.
(5) Nonpublic school buses shall be allowed to deliver and pick up students either in the same areas as public school buses or in other areas adjacent to the *1073 public school bus delivery and pickup zones, as determined by the appropriate government entities.
(6) The department shall promulgate such rules and regulations as are necessary to effect the purposes of this section.
Thus, while section 316.615 purports to exercise some regulatory authority over nonpublic-sector school buses like that of the Del Bustos, it, too, does not establish minimum liability insurance requirements. However, pursuant to section 316.615(6), the Florida Highway Patrol has promulgated a School Bus Inspection and Student Transportation Manual. Section 3.28.00 of the manual which is entitled "Liability Insurance  Inspect For" states:
Every school bus will carry liability insurance in the minimum amount as required in Section 234.03, Florida Statutes, to protect the pupils it is transporting. The amount shall be equal to $5,000 multiplied by the rated seating capacity of the bus, or $100,000.00, whichever is greater.
The following shall be checked while inspecting the liability insurance:
A. The expiration date of the insurance policy.
B. The amount of insurance.
Despite the tortuous path of our analysis to this point, both sides agree that section 3.28.00 of the manual sets forth the minimum requirements of liability insurance which must be carried by the Del Busto bus. However, they disagree over the interpretation of that section. Travelers argues that this provision sets a minimum requirement on a per-occurrence as opposed to a per-person basis. If the regulation was designed to set limits based on a per-person basis, it would have indicated that it was designed to protect "each pupil" being transported as opposed to being "pupils." Travelers suggests that it is logical that the amount of coverage per occurrence should be linked to the amount of seats on the bus because it assumes multiple claims and such a requirement ensures adequate coverage for each pupil. Because the regulation does not set a minimum insurance limit for injury to one person, Travelers asserts that the $10,000 requirement of section 324.021(7) controls. On the other hand, the Suazos interpret the section of the manual to mean that it establishes the minimum amount of insurance to be carried regardless of the number of persons injured. In other words, they say that it provides for single-limits coverage.
We conclude that the Suazos' interpretation is correct. First, we do not believe the Florida Highway Patrol would establish a minimum insurance limit per occurrence without also establishing a minimum limit per person. It would be illogical to allow the per-person limit to be controlled by section 324.021(7) which is applicable to noncommercial motor vehicles but not to buses and commercial motor vehicles. In fact, section 324.021(7) is rendered inapplicable to nonpublic-sector buses by subsection (d) thereof. It was clearly the intent of section 3.28.00 to require insurance equivalent to that necessary to fund the tort liability of school boards as set forth in section 234.03. That section establishes the liability of school boards for school bus accidents and provides "that the total liability to persons being transported for all claims or judgments of such persons arising out of the same incident or occurrence shall not exceed an amount equal to $5,000 multiplied by the rated seating capacity of the bus or other vehicle, as determined by the rules of the State Board of Education, or $100,000, whichever is greater." § 234.03(1), Fla. Stat. (1989). There is nothing in that language to suggest that one person's claim for injuries would be limited to $10,000.
Travelers posits that there is no reason why the amount of coverage available to one person should be determined by the number of seats on the bus. Of course, it may be that the risk of damages becomes greater as the size of the bus increases. In the final analysis, however, we predicate our conclusion on the language of section 3.28.00 which unmistakably sets forth only a single limit of coverage. Furthermore, it is not unusual for insurance to be written to provide single-limits coverage which sets *1074 forth the maximum liability exposure for any one accident regardless of the number of claims. In fact, in setting forth the minimum insurance required for nonpublic-sector buses other than school buses, section 627.742(1)(b), itself, mandates single-limits coverage.
We answer the certified question by holding that the amount of liability insurance required on a per-person basis for private school buses with more than twenty-four seats is the same as that required for multiple claimants, to wit: $5,000 multiplied by the rated seating capacity of the bus, or $100,000, whichever is greater.
We approve the decision of the court below.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents.