COPE, Judge.
David J. Charlebois (“claimant”) appeals the denial of unemployment compensation benefits. We reverse.
After twenty-four years of employment with Pan American World Airways, claimant lost his job when the airline ceased operations. Claimant began drawing unemployment compensation benefits. Unable to find another position in his field, claimant began training for another career. He was granted dislocated worker status and certified for retraining by the Private Industry Council of South Florida. In January, 1992, claimant began working on a degree in therapeutic recreation at Florida International University (“FIU”) under a Private Industry Council tuition waiver.
Claimant was approved for retraining for a period of three years. The program was approved by the Division of Unemployment Compensation, and claimant continued to draw unemployment benefits while enrolled in it.
Soon after claimant commenced his studies, the head of FIU’s Occupational Therapy Department recommended that claimant be placed in a part-time job which would provide him with practical experience and assist with his training. Claimant took a part-time job with Biscayne Bay Transitional Living Center and received $6.00 per hour for his work.
Claimant duly reported his part-time earnings to the Division of Unemployment *1118 Compensation. The amounts that claimant earned were deducted dollar for dollar against his unemployment benefit of $225 per week.
After several months, claimant decided to cease his part-time work. He continued to be enrolled in his retraining program at FIU. Claimant reported his change in status to the Division of Unemployment Compensation. The agency took the position that claimant’s voluntary cessation of the part-time job completely disqualified him from unemployment benefits, including the Pan American-related unemployment benefits he was already receiving. The Unemployment Appeals Commission sustained the position of the Appeals Referee and the claimant has appealed.
In order to be eligible for unemployment compensation benefits, the general rule is that the claimant must be “able to work and ... available for work.” Section 443.-091(l)(c)(l), Fla.Stat. (1991). There are exceptions to this general rule, two of which apply where an individual is in an approved training program. The statute states:
2. Notwithstanding any other provisions in this section, no otherwise eligible individual shall be denied benefits for any week because he is in training with the approval of the division, nor shall such individual be denied benefits with respect to any week in which he is in training with the approval of the division by reason of the application of provisions in subparagraph 1. relating to availability for work, or the provisions of s. 443.101(2) relating to failure to apply for, or refusal to accept, suitable work.
3. Notwithstanding any other provision of this chapter, an individual who is in training approved under s. 236(a)(1) of the Trade Act of 1971¡., as amended, may not be determined to be ineligible or disqualified for benefits with respect to his enrollment in such training or because of leaving work which is not suitable employment to enter such training. For the purposes of this subparagraph, the term “suitable employment” means, with respect to a worker, work of a substantially equal or higher skill level than the worker’s past adversely affected employment, as defined for purposes of the Trade Act of 1974, as amended, the wages for which are not less than 80 percent of the worker’s average weekly wage as determined for purposes of the Trade Act of 1974, as amended.
Id. § 443.091(l)(c)(2), (3) (emphasis added).[1]
The agency takes the position that the quoted statutes apply only to the question of whether a claimant is eligible in the first instance for unemployment benefits. Under this interpretation, a claimant need not be available for work so long as he or she is participating in an approved training program.
According to the agency, however, a separate inquiry must be undertaken under section 443.101, Florida Statutes (1991), which pertains to disqualification for benefits. Under subsection 443.101(1), Florida Statutes, an individual is disqualified for benefits where the individual “has voluntarily left his work without good cause attributable to his employing unit....” Id. § 443.101(l)(a). The agency reasons that where, as here, a trainee has undertaken paid part-time employment, voluntary termination will result in disqualification under section 443.101, even though the individual would otherwise be qualified under section 443.091. The agency urges that this is true even where the claimant undertook paid part-time employment as a placement arranged as part of a course of study in an approved training program.
*1119 We think the agency has taken too narrow a view of the statute. The statute should be interpreted so as to effectuate the legislative intent. White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla.1990); Suazo v. Del Busto, 587 So.2d 480, 481 (Fla. 3d DCA 1991), approved sub nom. Travelers Indem. Co. v. Suazo, 614 So.2d 1071 (Fla.1992). Here, the legislative intention was to permit dislocated workers to participate in approved training programs without loss of their unemployment benefits. Such workers are expressly exempted from the “available for work” requirement of sub-paragraph 443.091(l)(c)(l).
In our view, once the dislocated worker is in an approved training program, a recommendation that the trainee undertake part-time paid employment for purposes of work experience should be deemed to be a part of the training program itself. So long as the trainee maintains good standing in the training program, initiation and termination of part-time employment for purposes of work experience is a matter to be resolved between the trainee and the training program, and is not a disqualifying event for purposes of unemployment compensation. To put the matter differently, we do not think that the Legislature, having created special provisions for training programs under section 443.091, Florida Statutes, intended to undo those provisions by a hyperteehnical application of section 443.101, Florida Statutes.
The interpretation we reach also redounds to the overall benefit of the Unemployment Fund. During the time that claimant engaged in part-time paid employment, the wages claimant received were applied dollar-for-dollar to reduce the claimant’s $225 per week unemployment benefit which he received by virtue of his involuntary separation from Pan American. The part-time employment wages thus reduced the claim on the unemployment fund.
If we were to adopt the interpretation advocated by the agency, then all approved training programs would advise trainees that they should not undertake part-time paid employment because it would jeopardize their unemployment benefits. In this claimant’s case, for example, the department head would simply have referred the claimant to an appropriate placement for the performance of volunteer work. The net dollars to this claimant would have been the same, and he would have experienced no risk to his unemployment benefits.
By interpreting the statute as we have, a participant in an approved training program may undertake such work experiences as are recommended by program personnel without risk of losing unemployment benefits. To the extent that such program-related work experiences result in part-time income to the trainee, this will reduce the amount of the unemployment claim and will benefit the unemployment fund. We conclude that claimant was incorrectly disqualified from continuing to receive his Pan American-related unemployment benefits.[2]
The order under review is reversed and the cause remanded with directions to reinstate claimant’s benefits, and for such other relief as may be appropriate.

. Claimant testified below that his program qualified under subparagraphs 443.091(l)(c)(2) and (3), Florida Statutes (1991). He attempted to testify in detail about the program and the statutes in question. The referee refused to hear the testimony, stating that he was already familiar with the statutes. Since claimant’s evidence on the point was uncontradicted, we treat claimant as being covered by paragraphs 443.-091(l)(c)(2) and (3).
The referee's decision to exclude further discussion of these statutes presumably stemmed from the referee’s legal conclusion that claimant would be disqualified from benefits by virtue of voluntarily leaving employment at Biscayne Bay Transitional, regardless of whether or not sub-paragraphs 443.091(l)(c)(2) and (3) were applicable.

. Even if the claimant’s part-time employment had been unrelated to claimant’s training program, claimant nonetheless would be entitled to partial relief under authority of Wright v. Florida Unemployment Appeals Comm’n, 512 So.2d 333 (Fla. 3d DCA 1987), and Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), review denied, 412 So.2d 471 (Fla.1982).