404 So.2d 371 (1981)
Evelyn G. NEESE, Appellant,
v.
SIZZLER FAMILY STEAK HOUSE and Unemployment Appeals Commission, Appellees.
No. 80-184.
District Court of Appeal of Florida, Second District.
July 22, 1981.
Rehearing Denied October 7, 1981.
Evelyn G. Neese, pro se.
James R. Parks and Hardin King, Jr., Tallahassee, for appellees.
DANAHY, Judge.
The question we must answer in this case is whether an individual who is receiving partial unemployment compensation may be totally disqualified from receiving benefits because she voluntarily left part-time employment.
Appellant was employed on a full-time basis as an office manager. At the same time, she worked part time as a waitress in a family restaurant. She was separated from her full-time employment under a nondisqualifying condition and was awarded partial unemployment compensation. Appellant's benefit was determined by subtracting from her weekly benefit amount her part-time earnings. Appellant was unsuccessful in procuring full-time employment and was unable to support herself on the part-time salary and partial unemployment compensation. Therefore, she quit her part-time job, sold her house, and moved to a friend's house in another city. Because she voluntarily left her job as a waitress, her partial unemployment compensation was terminated.
Section 443.06, Florida Statutes (1979), provides that an individual shall be disqualified from receiving unemployment compensation if "he has voluntarily left his employment without good cause attributable to his employer." The appellant contends that this section should be applied on a job by job basis. That is, where an individual has two or more jobs, he or she may be disqualified from receiving benefits for one job and qualified as to the other. The appellees maintain that an individual who has two or more jobs is disqualified from receiving any compensation if the employee voluntarily leaves any one of those jobs without good cause attributable to the employer. Although the Unemployment Compensation Law (UCL) does not address the question presented in this case, we believe the appellant's *372 position expresses the better view for a number of reasons.
Initially, absent a clear legislative expression to the contrary, we do not believe that the UCL should be interpreted in such a manner that it discourages part-time employment. In an economic system where prices have risen faster than salaries for many years, a large segment of our society has found it necessary to accept a second job to provide for themselves and their families. Unfortunately, in many instances, these are the same people whose full-time employment is the least secure. To terminate compensation benefits solely because a person is forced, without cause attributable to his or her employer, to leave a part-time job would be a deterrent to part-time employment.
Another reason the UCL should not be interpreted so as to discourage part-time employment is that a claimant's weekly benefit amount is reduced by his part-time income. § 443.04, Fla. Stat. (1979). Therefore, a claimant who is receiving total unemployment benefits reduces the compensation fund's liability when he accepts part-time employment. Of course, claimants are less likely to accept part-time employment if they must risk having to quit that job and thereby lose all unemployment compensation benefits.
The public policy underlying the UCL also militates against the appellee's interpretation of section 443.06. The legislature has clearly stated that the purpose of the UCL is to lighten the economic burden on the unemployed worker and his family. § 443.02, Fla. Stat. (1979). The elimination of benefits solely because a claimant voluntarily accepts a part-time job which he later quits does not further this purpose. Rather, the appellees' approach attempts to punish a worker who is otherwise eligible for benefits because for some reason not attributable to his employer he is unable to continue a part-time job. Moreover, the public policy underlying the UCL demands that section 443.06 be liberally construed in favor of claimants, Fredericks v. Florida Department of Commerce Industrial Relations Commission, 323 So.2d 286 (Fla. 2d DCA 1975). The appellees are requesting that section 443.06 be interpreted against claimants.
A third reason for rejecting the appellees' interpretation is that it would result in an unwarranted benefit to a claimant's former full-time employer. An employer's contribution to the compensation fund has two components. The first is a percentage of the wages paid to his employees. § 443.08, Fla. Stat. (1979). The second is based on the employer's history, whereby his contribution increases as the benefits paid to his employees increase. § 443.08, Fla. Stat. (1979). Thus, where a claimant is disqualified from receiving benefits because he left a part-time job, the former full-time employer receives a windfall in the form of a reduced contribution rate.
Finally, we find persuasive Unemployment Compensation Board of Review v. Fabric, 24 Pa.Cmwlth. 238, 354 A.2d 905 (1976). In that case, Fabric was separated from full-time employment under a nondisqualifying condition and was awarded unemployment compensation. He then accepted a part-time job as a cashier in a pipe shop. After one night he quit the part-time job. The Unemployment Compensation Board terminated Fabric's unemployment compensation because he had voluntarily left the part-time job without good cause. The court reversed, holding that when a claimant voluntarily leaves part-time employment he is rendered ineligible for further benefits only to the extent that his benefits were decreased by virtue of the part-time earnings.
For the foregoing reasons, we hold that the appellant did not forfeit her right to partial unemployment compensation benefits when she left her part-time job without good cause attributable to her employer. Therefore, we grant the petition and set aside the order of the commission. The cause is remanded with directions to enter an order allowing benefits in accordance with this opinion.
SCHEB, C.J., and HOBSON, J., concur.