478 So.2d 1140 (1985)
Janie M. MASSEY, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Jefferson County School Board, Appellees.
No. AZ-308.
District Court of Appeal of Florida, First District.
November 15, 1985.
Marc E. Taps, Deborah Meyer Ezatoff, Certified Legal Intern, Tallahassee, for appellant.
Geri Atkinson-Hazelton, Tallahassee, for appellees.

Second Corrected Opinion
MILLS, Judge.
Massey appeals from an order of the Unemployment Appeals Commission upholding her disqualification for unemployment compensation benefits. She contends it was error to disqualify her for all benefits because she refused, on one occasion, *1141 to report for part-time, on-call employment. We agree and reverse.
Massey lives in Monticello and worked as a part-time, on-call school bus driver for the Jefferson County School Board (Board). She also had a full-time job. After being laid off from the full-time job, she began receiving partial unemployment compensation benefits. She continued the part-time job.
One evening, a regular bus driver called Massey and asked her to work the next day. She refused because she had an appointment the next day at the unemployment claims office in Tallahassee.
A claims adjudicator found Massey disqualified for all benefits for the week when the refusal occurred, for five weeks thereafter, and until she earns 17 times her weekly benefit amount. After a hearing, an appeals referee affirmed the claims adjudicator's decision. The Unemployment Appeals Commission affirmed the appeals referee's decision, and this appeal followed.
Section 443.101, Florida Statutes (1983), provides in part:
Disqualification for benefits.  An individual shall be disqualified for benefits:
... .
(2) If the division finds that the individual has failed without good cause ... to accept suitable work when offered to him, ... such disqualification shall continue for the week in which such failure occurred and for not more than 5 weeks immediately following such week, or a reduction by not more than 3 weeks from the duration of benefits, as determined by the division in each case. However, disqualification under this subsection shall continue for the full period of unemployment next ensuing after he has failed without good cause ... to accept suitable work, ... and until such individual has become reemployed and has earned wages equal to or in excess of 17 times his weekly benefit amount.
Massey argues her desire to keep her appointment at the claims office was good cause within the meaning of Section 443.101(2), Florida Statutes (1983). We disagree. Although she may have believed it necessary to keep the appointment or risk losing benefits, there is no objective basis for such a belief. Massey's testimony at the hearing before the appeals referee indicates she had received a form explaining that she did not have to keep a claims office appointment if she had to work.
Despite the fact that Massey failed without good cause to accept suitable work, we find the penalty imposed inappropriate. In Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), the court held that an individual receiving partial unemployment compensation benefits may not be totally disqualified, pursuant to Section 443.06, Florida Statutes (1979), from receiving benefits because he or she voluntarily leaves part-time employment without good cause. The court gave three reasons for refusing to adopt the draconian view that total disqualification is required. First, it could discourage part-time employment. Second, it does not further the legislative purpose of the Unemployment Compensation Law  to lighten the economic burden on the unemployed worker and his family. Third, it could result in a windfall to the former full-time employer in the form of a reduced contribution rate. These reasons also apply in Massey's case even though she was disqualified not for leaving a job, but for refusing suitable work.
Consequently, Massey should have been disqualified only to the extent the benefits were decreased by the part-time earnings.
The Unemployment Appeals Commission is to reinstate Massey's benefits reduced for the statutory period by the percentage of her total benefit represented by her part-time employment or 7.909 percent.
Reversed and remanded with directions to enter an order awarding benefits in accordance with this opinion.
SMITH and THOMPSON, JJ., concur.