512 So.2d 333 (1987)
Rosie M. WRIGHT, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Mitsui & Company U.S.A., Inc., Appellees.
No. 86-2988.
District Court of Appeal of Florida, Third District.
September 15, 1987.
*334 Paulette Ettachild, Miami, for appellant.
John D. Maher, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Wright appeals from an order of the Florida Unemployment Appeals Commission (FUAC). We reverse.
Wright was laid-off from her full-time job at Western Union after seventeen years of employment. At that time, Wright was working for Mitsui & Co., U.S.A., Inc. (Mitsui) on a part-time basis, and had been there for six months. Wright quit her job at Mitsui in order to facilitate her search for full-time employment.
Wright applied to the Florida Department of Labor and Employment Security, Division of Unemployment Compensation (the Division) for unemployment benefits she claimed entitlement to as a result of her termination by Western Union. The Division denied her claim for benefits, finding that she was disqualified pursuant to section 443.101, Florida Statutes (1985), because she voluntarily left her job at Mitsui without good cause.[1] FUAC upheld the Division's order upon Wright's appeal. Wright then brought this appeal.
Wright contends that the Division erred in denying her unemployment benefits for the "non-disqualifying" termination from Western Union based upon the fact that she voluntarily left her part-time, second job. We agree. Wright is not rendered ineligible for unemployment benefits simply because she left a part-time position, which, according to the Division's own findings, represented only .621 percent of her yearly income. Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981) (interpreting former section 443.06, Florida Statute (1979), subsequently renumbered to section 443.101), review denied, 412 So.2d 471 (Fla. 1982)). To deny benefits to an individual in Wright's position would not further the legislative purpose of Unemployment Compensation law  to ease the financial hardships caused by unemployment  but could discourage part-time employment and give a windfall in the form of reduced contribution rates to the former full-time employer. Neese, 404 So.2d at 372; cf. Massey v. Unemployment Appeals Comm'n, 478 So.2d 1140 (Fla. 1st DCA 1985) (applying the same reasoning where a claimant turned down part-time employment after she had been terminated from a full-time job). Instead, section 443.101 should be applied on a job-by-job basis. Thus, Wright should have been disqualified only to the extent that her benefits would *335 have been decreased by the income from her part-time employment. Massey, 478 So.2d at 1141; Neese, 404 So.2d at 372. Accordingly, we reverse FUAC's order and remand with directions to enter an order allowing benefits for her non-disqualifying termination.
SCHWARTZ, C.J., and NESBITT, J., concur.
DANIEL S. PEARSON, Judge, concurring.
Mrs. Wright was denied benefits at each step up the administrative ladder  at the division of unemployment compensation, before the referee, and, finally, on her appeal to the Florida Unemployment Appeals Commission (the Commission). What is striking about this otherwise ordinary case is that in each order entered along the way and, again, in the Commission's argument before us, the decision of the Second District Court of Appeal in Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla.2d DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982), has been treated either as if it does not exist or as if a definitive decision of a court of this state is entitled to less weight than the views of the Commission members. Notwithstanding that Neese was absolutely binding on all of these players in the administrative hierarchy and should have absolutely controlled this case below, Neese is not even politely acknowledged or offhandedly mentioned in any of the rulings against Mrs. Wright. And, although the Commission has finally recognized on this appeal that Neese exists, it makes no effort (as fruitless as one might be) to distinguish the case, and instead arrogantly explains that Neese was likely ignored by these administrative decision-makers because it was wrongly decided.[2]
While administrative agencies certainly may disagree with decisions of the courts of this state, they may not lawfully ignore a binding and controlling court decision. "The discretion conferred by law upon an administrative agency ... is limited by the true intent and meaning of the controlling statute, as determined by the courts." 1 Fla.Jur.2d Administrative Law § 41, at 591-92 (1977) (emphasis supplied) (footnotes omitted). If the Commission believes, as it obviously does, that Neese was wrongly decided, it has had six years to convince the Legislature to nullify the effect of Neese. Yet the statute interpreted in Neese has been re-adopted without change three times since Neese was decided. See State ex rel. Quigley v. Quigley, 463 So.2d 224 (Fla. 1985).
I find the administrative denial of benefits to Mrs. Wright to be utterly lawless.
NOTES
[1] Section 443.101 provides in pertinent part:

1. Disqualification for voluntarily quitting shall continue for the full period of unemployment next ensuing after he has left his work voluntarily without good cause and until such individual has become reemployed and has earned wages equal to or in excess of 17 times his weekly benefit amount; "good cause" as used in this subsection shall include only such cause as is attributable to the employer or which consists of illness or disability of the individual requiring separation from his employment.
[2] The Commission argues that the Neese court's construction of the statute was unneeded because Chapter 443 clearly disqualifies from receiving unemployment benefits a worker who voluntarily quits any employment  whether part-time or full-time.