621 So.2d 713 (1993)
Mary J. BARRY, Appellant,
v.
FAULK INVESTMENTS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 92-02593.
District Court of Appeal of Florida, Second District.
May 12, 1993.
Rehearing Denied August 5, 1993.
Mary E. Haberland, Bay Area Legal Services, Inc., Plant City, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
ALTENBERND, Judge.
Mary J. Barry appeals the order of the Unemployment Appeals Commission (the UAC) affirming the referee's determination that she was disqualified from receiving benefits because she voluntarily left her part-time job at Faulk Investments (Faulk). We affirm the order as to Faulk, but remand for further proceedings as to Ms. Barry's former full-time employer.
Ms. Barry worked full-time for Romac & Associates (Romac) from April 1988 until June 1990. She served as its staffing director and earned a substantial salary. She apparently was laid off because Romac's business dropped off.
While seeking another full-time job, Ms. Barry took a part-time job with Faulk. She worked three hours a day at the service counter of a dry cleaner from July 1-25, 1991. Ms. Barry does not dispute that she left the part-time job for personal reasons. At the hearing, she testified that she was seeking an extension of unemployment benefits that she apparently had been receiving as a result of her termination by Romac.
Despite Ms. Barry's efforts to make a proper claim, both the referee and the UAC treated her claim as a claim related to Faulk and not as one related to her prior employment with Romac. Ms. Barry did not forfeit her right to partial unemployment benefits from Romac when she left her part-time job with Faulk. Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), review denied, 412 So.2d 471 (Fla. 1982). Because the UAC overlooked the rule established in Neese, it applied the incorrect law. Accordingly, we remand for further proceedings to process Ms. Barry's claim relating to her former full-time employment. Since that claim has not been evaluated under that law and Romac has never been involved in these proceedings, we express no opinion as to Ms. Barry's entitlement to benefits from Romac.
*714 Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and FRANK, J., concur.