629 So.2d 1015 (1993)
Dorel CAMPEANU, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Jack Eckerd Corporation, Appellees.
No. 92-3262.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
*1016 Sally G. Schmidt, of Florida Rural Legal Services, Inc., Lake Worth, for appellant.
John D. Maher and William T. Moore, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
PER CURIAM.
Appellant seeks review of an order of the Unemployment Appeals Commission that reduces his weekly unemployment compensation benefits. The order upholds the findings and recommendations made by the unemployment appeals referee. We affirm.
The record shows that appellant received weekly unemployment compensation benefits prior to his termination of employment with Eckerd, the employer in the instant case. Those benefits arose from his termination of previous employment with another employer, under non-disqualifying circumstances. When appellant filed a claim with the unemployment claims office related to what he perceived was a lack of work availability at Eckerd, the individual who first reviewed his claim approved his application for unemployment compensation benefits. Eckerd, however, appealed that decision and the cause was heard by an unemployment appeals referee. The appeals referee reversed the original claim determination, because he found that appellant voluntarily terminated his employment without good cause attributable to Eckerd. See § 443.101(1)(a), Fla. Stat. (1987); see also Gulf County School Board v. Washington, 567 So.2d 420 (Fla. 1990). The referee then concluded as a matter of law that appellant's existing weekly unemployment compensation benefits deriving from his previous employment must be reduced by the weekly salary amount he would have earned from Eckerd, had he remained working there part-time. See Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), and Wright v. Florida Unemployment Appeals Comm'n, 512 So.2d 333 (Fla. 3d DCA 1987).
In the instant case, we are presented with the issue of whether appellee, the Unemployment Appeals Commission, erred when it upheld the appeals referee's finding that appellant terminated his part-time job voluntarily under disqualifying circumstances (i.e., for reasons not attributable to the employer), and that his benefits should be reduced. Under the instant circumstances, we conclude that it did not err.
Whether appellant left his job voluntarily is essentially a question of fact within the appeals referee's province. See Verner v. Unemployment Appeals Comm'n, 474 So.2d 909 (Fla. 2d DCA 1985); Flagler County Sheriff's Dept. v. Dept. of Labor and Employment Security, 421 So.2d 1107 (Fla. 5th DCA 1982); David Clark & Assoc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980). Thus, although the Unemployment Appeals Commission possesses the authority to reverse an appeals referee's findings of fact and conclusions of law, the commission may do so only where there is no competent, substantial evidence in the record to support the appeals referee's decision. See Smith v. Florida Unemployment Appeals Comm'n, 588 So.2d 324 (Fla. 4th DCA 1991); Forkey v. Kirsch, P.A. v. Unemployment Appeals Comm'n, 407 So.2d 319 (Fla. 4th DCA 1981). Our review of the instant record revealed competent, substantial evidence to support the appeals referee's decision.
*1017 The record reflects that appellant signed an agreement with his former employer, Eckerd, wherein he acknowledged that he was changing his part-time employment status to that of an "on-call" status.[1] Once appellant was "on-call," Eckerd called him twice to come to work, but appellant was unavailable.[2] Appellee contended at oral argument that appellant terminated his employment with Eckerd on July 3, 1991, when he signed the agreement. We disagree; however, the exact date of termination has no bearing on the propriety of the referee's determination adverse to appellant. There is nothing conclusive on the face of the agreement that would lead us to characterize appellant's signing of that document as an employment termination.[3] Nevertheless, we find competent, substantial evidence in the record to support the appeals referee's finding that appellant constructively resigned from the on-call status when Eckerd called and he was unavailable to work. Therefore, the appeals referee correctly relied upon Neese and Wright to conclude that appellant was entitled to unemployment compensation in an amount that reflected his current weekly benefit, less the weekly salary he would have received had he remained a part-time Eckerd employee.
Accordingly, the order of the Unemployment Appeals Commission is affirmed in all respects.
GLICKSTEIN and POLEN, JJ., and DONNER, AMY STEELE, Associate Judge, concur.
NOTES
[1] Appellant signed the agreement after he informed his store manager that due to appellant's weekday attempts to find other full-time work, as well as pursue educational endeavors during the evenings, appellant could no longer work the minimum 20-hour work week that Eckerd required to keep him on part-time status.
[2] Appellant contended that the first time Eckerd called was two hours before he had an interview for a full-time position elsewhere, and the second time they called, he was actually on a job interview. Since this appears to be the basis for Eckerd not calling appellant for further work, it certainly does not constitute good cause attributable to Eckerd.
[3] However, we note that the agreement, which is entitled "On-Call Status Acknowledgement," required appellant to sign under a statement that, "If my status changes from on-call to regular full time or regular part time, I understand that I will receive a new date of hire." This statement implies that employment (under Eckerd's definition) is technically terminated; otherwise, why would there need to be a "new" hire date if appellant returns to part-time or full-time employment?