635 So.2d 73 (1994)
Diane E. STEWART, Appellant,
v.
DOLLAR TREE and Florida Unemployment Appeals Commission, Appellees.
No. 93-270.
District Court of Appeal of Florida, First District.
January 18, 1994.
Diane E. Stewart, pro se.
Geri Atkinson-Hazelton, Gen. Counsel, John D. Maher, Asst. Gen. Counsel, Tallahassee, for appellee.
WEBSTER, Judge.
Appellant seeks review of an order of the Florida Unemployment Appeals Commission affirming the termination of her unemployment compensation benefits on the ground that she had "voluntarily left h[er] work without good cause attributable to h[er] employing unit." § 443.101(1)(a), Fla. Stat. (Supp. 1992). Because we conclude that the applicable law was misapplied, we reverse.
Appellant was terminated from her full-time employment because of lack of work. Her claim for unemployment compensation benefits was initially granted. About the time that she applied for benefits, appellant accepted a part-time job. Appellant worked at the part-time job an average of seven or eight hours per week for four weeks, receiving $204.94 in gross earnings. She then quit that part-time job to accept a second part-time job which offered a higher rate of pay, more hours each week and the prospect of eventual full-time employment at a rate of pay reasonably close to that of the full-time job from which she had been terminated. (Appellant could not continue to work at the first part-time job because the hours conflicted with those of the second.)
The decision of the appeals referee, which was affirmed by the Commission, was based upon application of section 443.101(1)(a), Florida Statutes (Supp. 1992). The appeals referee concluded that, because appellant had not left her first part-time job for "good cause attributable to h[er] employing unit," she was disqualified from receiving unemployment compensation benefits. We conclude that, on the facts of this case, section 443.101(1)(a) has no application.
It seems relatively clear to us that, given the facts of this case, the "work" referred to in section 443.101(1)(a) would be the full-time job from which appellant was terminated because of lack of work, not the part-time job which she later accepted in an effort to mitigate *74 her misfortune. We find applicable to the facts of this case the reasoning employed in Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981).
In Neese, the appellant had been terminated from her full-time job under circumstances entitling her to unemployment compensation benefits. Prior to her termination, the appellant had also worked part-time at a second job. Unable to find full-time employment or to support herself on the income from her part-time job, the appellant quit her part-time job and moved to another city in search of full-time employment. As in this case, the Commission affirmed the termination of the appellant's benefits based upon the conclusion that, in violation of the version of section 443.101(1)(a) then in effect, the appellant "`ha[d] voluntarily left h[er] employment without good cause attributable to h[er] employer.'" Id. The Second District Court of Appeal reversed, noting that, for a number of reasons, such an interpretation of the statute was contrary to the clear intent of the legislature. Among other things, the court noted that, given the legislative intent "to lighten the economic burden on the unemployed worker and his family," the statute should be interpreted in such a way as to encourage those entitled to benefits to seek and accept part-time employment, rather than to discourage them from doing so. Id. at 372. Accord Wright v. Florida Unemployment Appeals Commission, 512 So.2d 333 (Fla. 3d DCA 1987).
The facts of this case graphically illustrate the absurdity of the Commission's position. Appellant, clearly entitled to benefits because of the termination of her full-time employment, accepted a part-time job to try to make ends meet. Assuming that the earnings from that part-time employment met the threshold, their receipt would reduce the amount of benefits to which appellant would otherwise be entitled. § 443.111(3), Fla. Stat. (Supp. 1992). In an effort to improve her economic situation, appellant left the first part-time job for another which paid a greater hourly wage, permitted her to work more hours each week and offered the prospect of eventual full-time employment at a rate of pay reasonably close to that of the full-time job from which she had been terminated. In response, rather than commending her efforts to improve her economic position and, thereby, to reduce the amount of benefits to which she would be entitled, the Commission concluded that appellant had disqualified herself from receiving any further benefits. Clearly, the legislature did not intend such a result.
We reverse the Commission's decision, and remand with directions that appellant's unemployment compensation benefits be reinstated, retroactive to the date of their improper termination.
REVERSED and REMANDED, with directions.
JOANOS and KAHN, JJ., concur.