631 So.2d 335 (1994)
Theresa L. COELHO, Appellant,
v.
Peter V. BALASKY, et al., Appellees.
No. 93-1222.
District Court of Appeal of Florida, Third District.
February 1, 1994.
*336 Levey, Martus & Gilbert and Jay A. Martus, Miami, for appellant.
William T. Moore, Ormond Beach, for appellees.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Theresa Coelho was an employee of Wang Labs for almost ten years. At the time of her layoff from Wang, she was earning approximately $50,000 yearly. Coelho applied for and began receiving maximum unemployment compensation. As she looked for similar work, Coelho accepted a part-time position as a veterinarian's assistant, working between 10 and 20 hours a week, earning from $6.75 to $7.00 an hour. The amount of pay she received from her part-time position was subtracted from the full-time benefits she was being paid. In spring 1992, her unemployment benefits were extended by the Emergency Unemployment Act.
On May 23, 1992, Coelho decided to go back to school and spend more time seeking suitable work and voluntarily quit her part-time job. Coelho received unemployment compensation until December 28, 1992, when she received a notice that benefits were not payable because Coelho had quit her part-time employment in May for a reason not attributable to her employer.
At the hearing Coelho requested, the appeals referee affirmed the determination of the claims adjudicator which held that Coelho had voluntarily left her employment with her part-time employer without good cause and therefore was not entitled to any unemployment benefits after May 23, 1992 (the date of Coelho's termination of part-time employment).[1] Coelho appealed the referee's decision to the Unemployment Appeals Commission (UAC). On April 30, 1993, the UAC issued an order affirming the appeals referee's decision. Coelho timely filed this appeal.
There is no doubt that as Coelho contends the division erred in denying her unemployment benefits for the "non-disqualifying" termination from Wang based upon the fact that she voluntarily left her part-time, second job. As clearly stated in Wright v. Florida Unemployment Appeals Commission, 512 So.2d 333 (Fla. 3d DCA 1987), to deny benefits to an individual in Coelho's position
would not further legislative purpose of Unemployment Compensation law  to ease the financial hardships caused by unemployment  but could discourage part-time employment and give a windfall in the form of reduced contribution rates to the former full-time employer.
Wright, 512 So.2d at 334; see Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. *337 2d DCA 1981). Furthermore, we reject the UAC's argument that the benefits due Coelho should be reduced by some approximation of what she would have earned had she continued her part-time work.
Accordingly, we reverse the UAC's decision upholding the premature termination of Coelho's unemployment benefits and remand with instructions to immediately reinstate Coelho's entitlement to the remainder of her unemployment benefits without any reduction in benefits due to Coelho's voluntary termination of her part-time employment.
Reversed and remanded.
NOTES
[1] Section 443.101(1)(a) provides in pertinent part:

1. Disqualification for voluntarily quitting shall continue for the full period of unemployment next ensuing after he has left his work voluntarily without good cause and until such individual has earned income equal to or in excess of 17 times his weekly benefit amount; "good cause" as used in this subsection shall include only such cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his work.