640 So.2d 154 (1994)
John G. TIERNEY, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Bern's Steak House, Inc., Appellees.
No. 93-04317.
District Court of Appeal of Florida, Second District.
July 29, 1994.
*155 C. Martin Lawyer, III, Bay Area Legal Services, Inc., Tampa, for appellant.
John D. Maher, Tallahassee, for appellee, Unemployment Appeals Com'n.
PER CURIAM.
The appellant, John G. Tierney, challenges the Florida Unemployment Appeals Commission's order affirming the appeals referee's determination that the appellant was disqualified from receiving unemployment compensation benefits because he voluntarily left his part time job with Bern's Steak House, Inc. (Bern's) without good cause. We agree with the appellant's position and, accordingly, reverse.
It appears that the parties have stipulated that the appellant's former employment with First Florida Bank ended under nondisqualifying circumstances and, as a result, that the appellant was awarded full time unemployment compensation benefits. The appellant subsequently took a part time job with Bern's. Although not disclosed in the record, it appears that the earnings from the part time job reduced the amount of full time benefits to which the appellant was otherwise entitled. § 443.111(3), Fla. Stat. (1993).
On the appellant's fourth day of work at Bern's, he decided to leave that job because his wages were too low and he desired to go to school at night. The appellant again filed for unemployment compensation with the Florida Department of Labor and Employment Security, Division of Unemployment Compensation (the Division). The Division denied benefits, finding he was disqualified pursuant to section 443.101, Florida Statutes (1993), because he voluntarily quit his part time job without good cause attributable to Bern's. The appeals referee and the Florida Unemployment Appeals Commission affirmed and the appellant filed a timely notice of appeal.
The appellant contends that he is entitled to partial unemployment compensation benefits from his previous full time employment with First Florida Bank from which he had separated under a nondisqualifying condition. We agree.
To deny benefits to an individual in appellant's position would not further the legislative purpose of the Unemployment Compensation Law  to ease the financial hardships caused by unemployment  but could discourage part time employment and give a windfall in the form of reduced contribution rates to the former full time employer. Wright v. Florida Unemployment Appeals Comm'n, 512 So.2d 333 (Fla. 3d DCA 1987); see Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982). In the instant case, the appellant did not dispute that he voluntarily quit his part time job with Bern's. Despite that fact, the appellant should have been disqualified from benefits only to the extent that his benefits would have been decreased by the income from his part time employment. Wright; see Barry v. Faulk Invs., Inc., 621 So.2d 713 (Fla. 2d DCA 1993).
*156 We, accordingly, reverse and remand with instructions to award the appellant partial unemployment compensation benefits from his previous full time employment with First Florida Bank.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.