FRANK, Chief Judge.
Berta Theiss was terminated from full-time employment and began receiving unemployment compensation. She obtained part-time employment with the Sand Piper Beach Club, but worked only one day. The Unemployment Appeals Commission affirmed the decision of the appeals referee, and determined that Ms. Theiss was disqualified from further benefits because she quit her part-time employment without good cause. We reverse.
The appeals referee and the Commission treated Theiss’s claim as one governed by her part-time employment with Sand Piper Beach Club rather than one implicating her previous full-time employment. Consistent with the determination reached by this court in Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), rev. denied, 412 So.2d 471 (Fla.1982), Theiss did not forfeit her right to unemployment benefits stemming from her previous full-time employment. That entitlement was not affected by departure from her part-time job. To hold otherwise would discourage those receiving benefits from seeking and accepting part-time work. See Neese, at 372; Tierney v. Florida Unemployment Appeals Commission, 640 So.2d 154 (Fla. 2d DCA 1994); Wright v. Florida Unemployment Appeals Commission, 512 So.2d 333 (Fla. 3d DCA 1987). Theiss should have been disqualified from benefits only to the extent that those benefits would have been decreased by *1277 the income received from her part-time employment.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
RYDER and THREADGILL, JJ., concur.