793 So.2d 983 (2001)
Dorothy GROUDAS, Appellant,
v.
PINELLAS COUNTY SCHOOL BOARD and Florida Unemployment Appeals Commission, Appellees.
No. 2D00-1345.
District Court of Appeal of Florida, Second District.
February 7, 2001.
*984 Dorothy Groudas, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
THREADGILL, Acting Chief Judge.
The appellant, Dorothy Groudas, challenges an order of the appellee, the Unemployment Appeals Commission (UAC), which upheld her disqualification from unemployment compensation benefits. We affirm.
On July 30, 1999, Groudas was terminated from her full-time employment with a moving company and immediately applied for unemployment compensation benefits. In mid-September 1999, before her claim for benefits was approved, Groudas accepted temporary, part-time employment with the Pinellas County School Board. Shortly thereafter, on September 30, 1999, Groudas's unemployment claim against the moving company was approved. She thus received, on October 1, 1999, a single benefits check, covering her six-week period of unemployment between July 31, 1999 and September 18, 1999.
On November 29, 1999, Groudas voluntarily resigned from her part-time employment with the school board, because her search for full-time work was interfering with her time commitment to the school board. At that time, because of an earlier conversation she had with an employee at the unemployment office, Groudas believed she could simply resume her collection of benefits with respect to her original unemployment claim against her former employer, the moving company. When she reapplied for such benefits, however, her claim was immediately rejected on the basis that she was disqualified for having voluntarily left her employment with the school board.
Thereafter, Groudas appealed the denial of benefits to an appeals referee, who determined that Groudas indeed voluntarily left her employment with the school board without good cause attributable to her employer, because the evidence adduced at the hearing showed that she simply made a personal choice to conduct a full-time job search, rather than to work part time. For that reason, the referee concluded that Groudas was disqualified from benefits, and that the Division of Unemployment Compensation was without the legal authority to disregard her most recent employment in an effort to resurrect her unemployment claim against the moving company. The UAC agreed.
On appeal, Groudas contends that she voluntarily left her part-time employment with good cause attributable to the school board. Since, however, the record unequivocally shows that she left her employment with the school board strictly for personal reasons and not for any reason attributable to her employer (Groudas worked approximately five hours per day, and her employer was extremely accommodating with regard to her full-time job search), Groudas's claim here is without merit. See King v. Unemployment Appeals Comm'n, 763 So.2d 1151 (Fla. 4th DCA 2000)(claimant was disqualified from benefits because he voluntarily left employment for personal reasons, not for good cause attributable to his employer). Groudas therefore has no valid claim for benefits, based on her separation from the school board.
*985 Groudas also contends that, even if she did voluntarily leave her part-time employment without good cause, that fact does not and/or should not operate to totally disqualify her from benefits with respect to her original claim against her previous full-time employer, the moving company. Section 443.101(1)(a)(1), Florida Statutes (1999), howevera recently amended provision of Florida's unemployment compensation law, see Ch. 99-131, § 2, at 1, Laws of Fla.precludes benefits under factual circumstances such as those herein. While case law interpreting earlier versions of the statute support Groudas's argument, see Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981); Berger v. Asolo Ctr. for the Performing Arts, Inc., 686 So.2d 649 (Fla. 2d DCA 1996); Alderman v. Unemployment Appeals Comm'n, 664 So.2d 1160 (Fla. 5th DCA 1995); Tierney v. Unemployment Appeals Comm'n, 640 So.2d 154 (Fla. 2d DCA 1994); Stewart v. Dollar Tree, 635 So.2d 73 (Fla. 1st DCA 1994); Coelho v. Balasky, 631 So.2d 335 (Fla. 3d DCA 1994), the 1999 amendment to section 443.101(1)(a)(1)which became effective July 1, 1999was expressly enacted to overrule the foregoing case law and its progeny, see Fla. H.R. Comm. on Business Development & International Trade, Analysis of House Bill 109 (upon which the 1999 amendment to section 443.101(1)(a)(1) was based). Thus, contrary to previous law, a claimant who is eligible for benefits based on separation from full-time employment ultimately becomes disqualified from benefits when he or she voluntarily leaves subsequently procured part-time employment without good cause attributable to the part-time employer.
Therefore, based on the foregoing, we affirm the decision of the UAC, which upholds Groudas's disqualification from benefits under the express facts and circumstances of this case.
Affirmed.
NORTHCUTT, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.