LEWIS, J.
 

 Appellant, Robert Seneca, appeals a final order of the Unemployment Appeals Commission (“UAC”) affirming the appeals referee’s determination that Appellant voluntarily quit his part-time position without good cause attributable to his part-time employer and, as a result, was overpaid $1,205 in unemployment benefits which are subject to recovery. For the reasons that follow, we reverse.
 

 Appellant obtained a part-time job with CPE Solutions (“CPE”) on November 15, 2008. He worked at the part-time position five days a week from 5:30 p.m. to 8:30 p.m. While employed by CPE, Appellant accepted a full-time position at Century Kia, which began on December 1, 2008. He intended to keep both the full-time and part-time positions, but scheduling conflicts prevented him from maintaining the hours required by CPE. Appellant attempted to resolve the scheduling conflicts after accepting the full-time position by proposing an alternative schedule to CPE, but CPE deemed the proposal “unacceptable.” As a result, Appellant was forced to choose between his part-time position at CPE and his full-time position at Century Kia. He selected the full-time position with Century Kia because it offered more hours each week and more money. Appellant worked at CPE through November 30, 2008. He was later laid off from his full-time position at Century Kia.
 

 Appellant then filed an initial claim for unemployment compensation benefits. The record reflects that he received benefits from April 18, 2009, through May 16, 2009, totaling $1,205, which included a $125 stimulus payment.
 

 On June 4, 2009, the Agency for Workforce Innovation (“Agency”) issued a determination that Appellant was not entitled to unemployment benefits because his reason for quitting his part-time position was not attributable to CPE. The Agency therefore determined that the unemployment compensation he had received was subject to recovery. Appellant appealed.
 

 After a telephonic hearing, the appeals referee made findings of fact consistent with the facts recited above. From these findings, the referee concluded that Appellant voluntarily left his part-time employment without good cause attributable to CPE and, as a result, was overpaid $1,205 in unemployment benefits. The referee explained this decision as follows:
 

 The record here reflects that the claimant voluntarily resigned from the, employing unit.... At the time the claimant made the choice to resign part time work, it was to accept work elsewhere, which is not good cause for quitting within the meaning of the law .... it has long been established that the disqualification provisions of Section 443.101(1), Florida Statutes ... do not apply to a claimant who voluntarily leaves part-time employment while employed full-time elsewhere_Unfortu-nately, this provision does not apply to the instant case due to the fact that the employment was not concurrent, and the claimant will be held disqualified from the receipt of benefits for quitting without good cause attributable to the employer.
 

 (internal citations omitted). Based on these findings, the referee concluded that Appellant voluntarily quit his part-time job without good cause attributable to his part-time employer and, therefore, that Appellant was not entitled to the $1,205 he received in benefits from the Agency for the weeks ending April 18, 2009, through
 
 *387
 
 May 16, 2009. For these reasons, the referee affirmed the Agency’s determination and required Appellant to repay the Agency. Appellant appealed to the UAC, and the UAC affirmed. This appeal followed.
 

 Although appellate courts generally uphold administrative agency decisions if they are supported by competent, substantial evidence, “the same standards of review do not apply to an erroneous application of the law to the facts.”
 
 City of Coral Gables v. Coral Gables Walter F. Stathers Mem’l Lodge 7, Fraternal Order of Police,
 
 976 So.2d 57, 63 (Fla. 3d DCA 2008) (citation omitted). Accordingly, “[n]o deference is due an error of law.”
 
 Id.
 
 (citation omitted).
 

 This Court has held that the unemployment benefits statute should be “liberally construed in favor of the employee claiming benefits.”
 
 McKenzie Tank Lines, Inc. v. Roman,
 
 645 So.2d 547, 549 (Fla. 1st DCA 1994) (citation omitted). In contrast, the statute’s disqualification provisions “are to be narrowly construed.”
 
 Davidson v. AAA Cooper Transp.,
 
 852 So.2d 398, 401 (Fla. 3d DCA 2003) (citation omitted). Further, the statute focuses on providing benefits to a claimant who is “unemployed through no fault of his or her own.” § 443.031, Fla. Stat. (2008).
 

 Section 443.101(l)(a), Florida Statutes (2008), specifies that an individual is disqualified from receiving benefits if he or she voluntarily leaves employment without good cause attributable to his or her employer. The language of that statute provides in pertinent part as follows:
 

 An individual shall be disqualified for benefits:
 

 (l)(a) For the week in which he or she has voluntarily left his or her work without good cause attributable to his or her employing unit or in which the individual has been discharged by his or her employing unit for misconduct connected with his or her work, based on a finding by the Agency for Workforce Innovation. As used in this paragraph, the term “work” means any work, whether full-time, part-time, or temporary.
 

 1. Disqualification for voluntarily quitting continues for the full period of unemployment next ensuing after he or she has left his or her full-time, part-time, or temporary work voluntarily without good cause and until the individual has earned income equal to or in excess of 17 times his or her weekly benefit amount.
 

 § 443.101(l)(a), Fla. Stat. (2008). This statute refers to voluntary resignation from employment.
 
 See id.
 
 It does not specifically addréss the circumstances of this case, where Appellant voluntarily left one-part time job for a full-time job and was never completely unemployed.
 
 See id.
 

 In a similar case, we reversed a claimant’s disqualification from unemployment compensation benefits based on the inapplicability of section 443.101(1)(a).
 
 Doig v. Fla. Unemployment Appeals Comm’n,
 
 862 So.2d 76, 78-79 (Fla. 1st DCA 2003). Appellant, relying on
 
 Doig v. Florida Unemployment Appeals Commission,
 
 argues that the Commission misapplied section 443.101(1)(a). We agree.
 

 In
 
 Doig v. Florida Unemployment Appeals Commission,
 
 862 So.2d 76, 76 (Fla. 1st DCA 2003), the claimant was terminated from a full-time position and approved for unemployment benefits. The claimant then accepted a part-time position.
 
 Id.
 
 While working at the part-time job, the claimant applied for another part-time position with' a competitor company “with the intention of working both part-time jobs concurrently.”
 
 Id.
 
 at 76-77. However, the claimant’s then-current employer had a conflict of interest policy that precluded
 
 *388
 
 employees from working for competitors, and as a result, the claimant was informed that he would have to resign from his current position if he accepted the position at the competing company.
 
 Id.
 
 at 77. Ultimately, the claimant accepted the position at the competitor company because it offered better pay and benefits.
 
 Id.
 
 Based on these facts, the referee determined that the claimant voluntarily left his part-time job without good cause attributable to his first part-time employer and, therefore, was overpaid in unemployment benefits.
 
 Doig,
 
 862 So.2d at 77. The UAC affirmed.
 
 Id.
 
 at 76. On appeal, this Court concluded that because the claimant merely left one part-time position for another and was “never completely unemployed,” section 443.101(1)(a) did not apply and, as a result, the claimant was improperly disqualified from unemployment benefits.
 
 Id.
 
 at 79.
 

 Here, Appellant, like the claimant in
 
 Doig,
 
 merely left his part-time position for another job and was never completely unemployed. 862 So.2d at 79 (claimant left his part-time position for another part-time position). There were no gaps in Appellant’s employment because he left his part-time position on November 30, 2008, for a full-time position that commenced on December 1, 2008. Because Appellant left his part-time job for a full-time job, rather than leaving the part-time position and becoming completely unemployed, the disqualification provision in section 443.101(l)(a) does not apply to this case.
 
 See Doig,
 
 862 So.2d at 79 (holding that this statute did not apply; concluding that the claimant was incorrectly disqualified from benefits). Accordingly, we reverse the UAC’s final order and remand with directions that Appellant’s unemployment benefits be reinstated, retroactive to the date of their improper termination.
 

 REVERSED and REMANDED with instructions.
 

 WEBSTER and ROBERTS, JJ., concur.