PER CURIAM.
Rachel Lakey appeals an order of the Unemployment Appeals Commission affirming an appeals referee’s decision determining her to be disqualified from the receipt of unemployment compensation benefits. Ms. Lakey was employed by Cracker Barrel from November of 2008 until December 1, 2008. She resigned her job with Cracker Barrel and began employment with the Peabody Hotel on December 1, 2008, because it offered better pay. When she was laid off from her position with the Peabody Hotel, she filed a claim for unemployment compensation benefits.
The Agency for Workforce Innovation issued a determination that Ms. Lakey was ineligible because her reason for quitting her position with Cracker Barrel was not attributable to Cracker Barrel. The appeals referee affirmed this determination, and the Unemployment Appeals Commission affirmed the decision of the appeals referee. But nothing in the statute provides that leaving one job in order to take a better paying job disqualifies an employee later terminated without good cause from receiving unemployment compensation benefits. In recent cases, the Commission has conceded as much. See Wible v. Fla. Unemployment Appeals Comm’n, 40 So.3d 926 (Fla. 1st DCA 2010). See also Doig v. Fla. Unemployment Appeals Comm’n, 862 So.2d 76, 79 (Fla. 1st DCA 2003). We reverse the final order and remand the matter to the Commission for further proceedings.
Reversed and remanded.
BENTON, VAN NORTWICK, and WETHERELL, JJ., concur.