On Motion for Clarification

COPE, J.
On consideration of the motion for clarification filed by the Florida Unemployment Commission, the Court withdraws its previous opinion and substitutes the following opinion.
Maria Rumayor appeals the order of the Unemployment Appeals Commission (UAC) affirming the appeals referee’s decision to deny her claim for unemployment benefits. The question is whether the claimant is entirely disqualified from recovering unemployment benefits where: (a) she simultaneously worked a primary job and a part-time job; (b) she voluntarily quit the part-time job; and (c) she was thereafter laid off from the primary job.
Ms. Rumayor worked full time for May- or Mortgage Corporation beginning in January 2006. While working full time, she took on a part-time position at Bio- *985 health Medical Laboratory (“Biohealth”) in June 2006.
In February 2008, Mayor Mortgage reduced Ms. Ruraayor’s hours to thirty hours per week because of lack of work. In this same time period, Ms. Rumayor had a dispute with a supervisor at Biohealth. As to Biohealth, the referee found that the “claimant was told her hours might be reduced in the future. The claimant had a supervisor who made a statement on February 18, 2008, that made her feel uncomfortable. In response, the claimant wrote a letter of resignation to the supervisor’s wife.” The referee concluded Ms. Ruma-yor should have attempted to resolve her issues with management, and that she voluntarily quit without good cause attributable to the employer.
Ms. Rumayor continued her employment with Mayor Mortgage Corporation. In April 2008, Mayor Mortgage laid her off from her employment.
Ms. Rumayor made an application for unemployment benefits, which were granted. Biohealth (the former part-time employer) appealed and an appeals referee reversed the order granting unemployment benefits. As stated, the referee found that Ms. Rumayor had voluntarily quit her employment with Biohealth. The order held that Ms. Rumayor was disqualified from recovering unemployment until she earns $3383, and must repay any benefits already recovered. Ms. Rumayor has appealed the UAC’s decision.
On appeal, Ms. Rumayor acknowledges that she voluntarily quit her part-time job, but remained employed with Mayor Mortgage until she was laid off. She contends that she is eligible for benefits as a result of the layoff.
Ms. Rumayor’s unemployment claim was submitted after her voluntary departure from the part-time job, and before the layoff from her primary job. Unemployment benefits were correctly denied for the part-time job, because Ms. Rumayor voluntarily resigned.
However, the order is written broadly to preclude any further claim for unemployment benefits, until she earns $3383. The UAC confirms that the intent of the order is not only to deny the claim related to the part-time job, but also to preclude a claim for her later layoff from Mayor Mortgage.
The UAC states that the unemployment statute was amended in 1999 in such a way that it bars Ms. Rumayor’s claim. The 1999 amendment added the underlined phrase to the unemployment statute as follows:
“Disqualification for voluntarily quitting continues for the full period of unemployment next ensuing after he or she has left his or her full-time, part-time, or temporary work voluntarily without good cause and until the individual has earned income equal to or in excess of 17 times his or her weekly benefit amount[.]”
Chs. 99-131, § 2, Laws of Fla., codified as § 443.101(l)(a)l., Fla. Stat. (2008). See generally Rochussen v. Unemployment Appeals Comm’n, 795 So.2d 1075 (Fla. 2d DCA 2001).
The language of section 443.101 is unclear. It refers to voluntary resignation from employment. The resignation from part-time employment in this case was voluntary but the subsequent layoff from her primary job at Mayor Mortgage was not. We look to the legislative history of the statute for guidance in determining how to interpret it.
The committee report for House Bill 1951 (which enacted the amendment to section 443.101) reveals that the Legislature was addressing a different problem: a claimant who is laid off of a full-time job, and upon being awarded unemployment benefits, quits a part-time job.
*986 In 1981, Florida’s Second District Court of Appeal held in Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), that an individual is not totally disqualified for benefits when he/ she works a full-time and part-time job simultaneously, qualifies for partial unemployment benefits based on being laid off by the full-time employer, then subsequently quits the part-time job. The court ruled that, in such instances the individual is entitled to partial benefits which is equal to the weekly benefit amount reduced by what the individual would have earned had he/she continued the part-time employment. The district courts have continued to follow the Neese decision, despite legislative amendment in 1994 aimed at overturning Neese.
Staff Analysis of Finance & Taxation Comm, for H.B. 1951, 16th Leg., Reg. Sess., Report on Unemployment Comp. (Fla. 1999). The analysis continues speaking of House Bill 1951 as follows:
The bill would overturn Neese and its progeny Berger v. ASOLO Center for the Performing Arts, Inc., 686 So.2d 649 (Fla. 2d DCA 1996); Alderman v. Unemployment Appeals Commission, 664 So.2d 1160 (Fla. 5th DCA 1995); Tierney v. Florida Unemployment Appeals Commission, 640 So.2d 154 (Fla. 2d DCA 1994); Stewart v. Dollar Tree, 635 So.2d 73 (Fla. 1st DCA 1994); Coelho v. Balasky, 631 So.2d 335 (Fla. 3d DCA 1994). This bill would require the total disqualification of individuals who work a full-time and part-time job simultaneously and qualify for partial benefits based on being separated from the full-time employer, if they subsequently quit the part-time job.
Id. (emphasis added).
The legislative history reveals that the 1999 amendment denies benefits where the employee is laid off from one job, obtains unemployment benefits, and voluntarily quits the remaining job. The legislature viewed voluntarily quitting the last remaining job as a disqualifying event.
The present case is the reverse situation: a voluntary resignation of part-time employment, followed by a layoff from the primary job. There is no indication that the Legislature intended to deny benefits to a worker who quits a part-time job and is later laid off from her primary job. We do not believe that the Legislature intended the result the UAC requests here.
Thus, we affirm the order insofar as it denies benefits for leaving the Biohealth job but reverse to the extent that the order could be read to deny benefits as to the Mayor Mortgage job. Under the circumstances of this case, the denial of benefits as to the part-time job shall not operate to disqualify Ms. Rumayor for any claim for benefits she may submit with respect to the layoff at Mayor Mortgage.
Affirmed in part and reversed in part.