686 So.2d 649 (1996)
Dolores M. BERGER, Appellant,
v.
The ASOLO CENTER FOR THE PERFORMING ARTS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 95-05149.
District Court of Appeal of Florida, Second District.
December 4, 1996.
Rehearing Denied January 7, 1997.
*650 Roger L. Fishell, Sarasota, for Appellant.
William T. Moore, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
No appearance for Appellee Asolo Center for the Performing Arts, Inc.
DANAHY, Acting Chief Judge.
The appellant argues that the appellee wrongfully disqualified her from receiving unemployment compensation benefits which had been paid to her when she was terminated from her full-time employment. The appellee based its decision on a disqualifying termination of the appellant from a subsequent temporary position. We agree with the appellant that the appellee erred in denying her unemployment compensation benefits from her regular employment and reverse that denial.
The appellant began receiving unemployment compensation benefits when she was terminated from her regular employment upon the retirement of her employer, an attorney. A few months later, the appellant accepted a temporary and part-time job with the Asolo Center. The record contains a letter from the appellant stating that the job was to be from 5 to 9 p.m., four days a week, and would last only a couple of weeksit was a telephone solicitation effort to sell subscriptions to Asolo. The appellant lasted on this job only three days. She said she found that she simply could not handle her duties and claimed that her health required her to quit.
The record on appeal deals only with the question whether the appellant left her part-time work under disqualifying circumstances. We believe the Florida Unemployment Appeals Commission (UAC) was correct in determining that she did and we affirm that conclusion.
However, in these proceedings, the appellant sought resumption of her unemployment compensation benefits which had been paid to her after termination of her regular employment. Although the UAC did not deal specifically with this request, it is apparent that the UAC denied resumption of the appellant's unemployment compensation benefits because of the disqualifying termination of the part-time work.
In Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), this court addressed a situation in which a claimant was holding two jobs. One was a full-time job and the other a part-time job. The claimant was separated from her full-time employment under nondisqualifying conditions and was awarded partial unemployment compensation. She then left her part-time job without good cause attributable to her employer. This court held that the disqualifying termination of the part-time job did not forfeit the claimant's right to partial unemployment compensation based on termination of the full-time employment.
Neese has been followed by this court and other district courts of appeal and is the seminal case on the point. The UAC on this appeal claims that the legislature changed the 1981 Neese rule in 1994 when it added a sentence to section 443.101(1)(a), Florida Statutes (1993). That section now provides that an individual shall be disqualified for benefits:
(1)(a) For the week in which he has voluntarily left his work without good cause attributable to his employing unit or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division. The term "work," as used in this paragraph, means any work, whether full-time, part-time, or temporary.

§ 443.101(1)(a), Fla. Stat. (Supp.1994). The sentence added by the legislature in 1994 is underlined.
In Alderman v. Unemployment Appeals Commission, 664 So.2d 1160 (Fla. 5th DCA 1995), the court specifically considered the argument which the UAC makes in this case, that the 1994 amendment to section 443.101(1)(a) was a direct response to Neese and its progeny and requires a different result. In Alderman the claimant held both a full-time job and a part-time job. After she was laid off from her full-time job, she left the part-time employment without good cause and was denied any unemployment compensation benefits. The district court rejected the UAC's argument regarding the *651 change in the statute and held that the claimant was entitled to receive benefits based on her previous full-time employment. The court said:
In our view, a more reasonable interpretation of the amended statute is that the UAC is required to individually consider unemployment compensation claims based on the termination of employment for each job, whether it be full-time, part-time, or temporary. This interpretation would mean that, to the extent a worker holding multiple jobs left any job voluntarily and without good cause attributable to the employer, there would be a reduction in benefits but not a total forfeiture of benefits. Such an interpretation is consistent with the policy behind the Unemployment Compensation Law, and the plain wording of the amended statute. Also, it is responsive to the concerns expressed in Neese, yet avoids the harsh and puzzling results suggested by the UAC.
Alderman, 664 So.2d at 1162.
We agree with the reasoning in Alderman and reverse based on Neese. We note that in this case, unlike in Neese and Alderman, the appellant first held a full-time job and obtained the part-time job after the full-time job terminated. We do not think this distinction calls for any different result.
Affirmed in part and reversed in part.
BLUE and LAZZARA, JJ., concur.