PER CURIAM.
The appellant, Robert G. Bomar, challenges the order denying his claim for unemployment compensation benefits. We reverse the denial of his-claim for benefits.
Mr. Bomar held full-time employment with GTE Data Services thirty-one years and nine months. He was terminated under nondis-qualifying conditions. Bomar filed a claim for and was granted unemployment compensation benefits. Subsequent to this Mr. Bo-mar took a part-time job with Rolling In Dough Cookie Company, Inc. For reasons not attributable to Rolling In Dough, Mr. Bomar quit his part-time job. The appeals referee, based upon Mr. Bomar’s leaving his part-time job, concluded that Bomar was ineligible for benefits. The UAC affirmed the referee and Mr. Bomar filed a timely appeal.
Mr. Bomar conténds that he should not have been disqualified from receiving benefits for leaving part-time employment. We agree with Mr. Bomar and reverse the denial of his claim for benefits. See Berger v. Asolo Ctr. for Performing Arts, Inc., 686 So.2d 649 (Fla. 2d DCA 1996). The UAC contends that the legislature’s 1994 amendment of section 443.101(l)(a) which defines “work” to mean any work, whether full-time, part-time or temporary, supports the decision to disqualify Mr. Bomar from receiving benefits. The UAC s contention is refuted by this court s decision in Berger.
Accordingly, we reverse and remand.
CAMPBELL, A.C.J., and ALTENBERND and GREEN, JJ.,-concur.