721 So.2d 738 (1998)
Julie M. MIKOLSKY, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellee.
No. 97-1948.
District Court of Appeal of Florida, Fifth District.
September 11, 1998.
Opinion Denying Certification of Question November 6, 1998.
Julie M. Mikolsky, Melbourne Beach, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Windsor Club, Inc.
*739 W. SHARP, Judge.
Mikolsky appeals from an order of the Unemployment Appeals Commission, which disqualified her from receiving unemployment compensation benefits. The basis for the denial was Mikolsky's quitting a part-time job she had obtained after being terminated from a previous full-time position. We reverse.
The Commission acknowledges cases which have held leaving a part-time position should not affect rights to compensation for losing another full-time position.[1] But it reasons that section 443.101(1)(a) was amended to change that result. That section provides an individual shall be disqualified for benefits for the week in which he or she voluntarily left "work" without good cause attributable to the employer. In 1994, the legislature amended this section to define "work" as meaning any work, whether full-time, part-time or temporary. Ch. 94-347, § 4, Laws of Fla. Thus the Commission argues, the Legislature intended that quitting any employment without good cause will result in the termination of all benefits.
This court has rejected that specific interpretation of the statute. In Alderman v. Unemployment Appeals Commission, we said:
Reason and common sense also militate against the interpretation urged by the UAC because, under that interpretation, even if [the claimant] had been required to leave her part-time job ... in order to seek full-time employment, she would have been totally disqualified from receiving any benefits. In our view, a more reasonable interpretation of the amended statute is that the UAC is required to individually consider unemployment compensation claims based on the termination of employment for each job, whether it be full-time, part-time, or temporary. This interpretation would mean that, to the extent a worker holding multiple jobs left any job voluntarily and without good cause attributable to the employer, there would be a reduction in benefits but not a total forfeiture of benefits. Such an interpretation is consistent with the policy behind the Unemployment Compensation Law, and the plain wording of the amended statute. Also, it is responsive [sic] the concerns expressed in Neese, yet avoids the harsh and puzzling results suggested by the UAC.
Alderman, 664 So.2d at 1162.
Alderman was approved by the Second District Court of Appeal in Berger v. Asolo Center for the Performing Arts, 686 So.2d 649 (Fla. 2d DCA 1996) and Berger was followed more recently in Bomar v. Rolling in Dough Cookie Company, Inc. v. Florida Unemployment Appeals Commission, 715 So.2d 333 (Fla. 2d DCA 1998). See also Pinder v. Pier 1 Imports (US), Inc. v. Florida Unemployment Appeals Commission, 691 So.2d 18 (Fla. 3d DCA 1997).
In view of these unanimous decisions from three different district courts of appeal, we have difficulty understanding why the Commission continues to adhere to its rejected interpretation of the statute. The result is delay and expense for working people who can little afford either and who may ultimately lose because they lack sufficient knowledge and ability to successfully pursue an appeal. See Hall v. Unemployment Appeals Commission, 706 So.2d 128 (Fla. 5th DCA 1998).
REVERSED.
DAUKSCH and ANTOON, JJ., concur.

ON MOTION FOR CERTIFICATION AS QUESTION OF GREAT PUBLIC IMPORTANCE
W. SHARP, Judge.
Appellee Unemployment Appeals Commission moves this court for certification of a question decided by this court's opinion as *740 one of great public importance.[1] The issue in this case was the proper interpretation of section 443.101(1)(a). The Commission's interpretation of the statute was rejected by this court in this case. It has also been rejected by other district courts of appeal, as the Commission acknowledges in this motion. We would simply deny the motion without an opinion except that we find the position asserted by the Commission at odds with the court structure of this state and one that has no basis under the Florida Constitution.
The Commission states in this motion that the interpretation of the statute followed by this court, in this case, and by the other district courts of appeal lacks any statutory basis. Therefore, the Commission admits that it has continued to apply the penalty prescribed by the statute, pursuant to its rejected interpretation, and has not followed the interpretation of the district courts of appeal. By way of explanation, the commission asserts it cannot circumvent unambiguous statutory provision (its own interpretation of the statute), and implies it cannot and will not follow the interpretations of the district courts of appeal.
To resolve its dilemma, the Commission asks us to certify the following question.
WHETHER THE UNEMPLOYMENT APPEALS COMMISSION CAN IMPOSE A DIFFERENT PENALTY FOR AN INDIVIDUAL WHO QUITS PART TIME OR OTHER SECONDARY EMPLOYMENT WITHOUT GOOD CAUSE THAN THE PENALTY PRESCRIBED BY THE STATUTE FOR QUITTING ANY OTHER TYPE OF EMPLOYMENT WITHOUT GOOD CAUSE; TO WIT, DISQUALIFICATION FOR THE WEEK IN WHICH HE OR SHE QUIT; AND FOR THE FULL PERIOD OF UNEMPLOYMENT NEXT ENSURING; AND UNTIL HE OR SHE HAS EARNED INCOME EQUAL TO OR IN EXCESS OF 17 TIMES HIS OR HER WEEKLY BENEFIT AMOUNT, AS PROVIDED IN SECTION 443.101(1)(a), FLORIDA STATUTES.
An agency of this state, such as the Commission, must follow the interpretations of statutes as interpreted by the courts of this state.[2] Like trial courts, if there is a controlling interpretation by a district court of appeal in this state, the Commission must follow it, even if the court of appeal is located outside the district of the trial court.[3] If there is a conflict between interpretations by different courts of appeal, that may provide a basis to reach the supreme court for a final interpretation.[4] Thereafter, the supreme court's interpretation of the statute must prevail, barring future legislative changes to the statute.[5]
The bottom line here is that the Commission is not free to continue following its interpretation of the statute. The district courts of appeal have spoken on this issue, and the Commission must adhere to the interpretation given by those courts. Failure to do so puts the constitutional structure of the court system at risk and such conduct cannot be tolerated.
Motion for Certification DENIED.
DAUKSCH and ANTOON, JJ., concur.
NOTES
[1] See Berger v. Asolo Center for the Performing Arts, Inc., 686 So.2d 649 (Fla. 2d DCA 1996); Alderman v. Unemployment Appeals Commission, 664 So.2d 1160 (Fla. 5th DCA 1995); Tierney v. Florida Unemployment Appeals Commission, 640 So.2d 154 (Fla. 2d DCA 1994); Stewart v. Dollar Tree, 635 So.2d 73 (Fla. 1st DCA 1994); Coelho v. Balasky, 631 So.2d 335 (Fla. 3d DCA 1994); Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982).
[1] Fla.R.App. P. 9.030(a)(2)(A)(v).
[2] The fact that interpreting the law is a uniquely judicial function has been firmly established since at least 1803 when Chief Justice Marshall explained: "It is emphatically the province and duty of the judicial department to say what the law is." Marbury v. Madison, 5 U.S.(1 Cranch) 137, 177, 2 L.Ed. 60 (1803).
[3] Pardo v. State, 596 So.2d 665 (Fla.1992)(in the absence of interdistrict conflict, district court decisions bind all Florida trial courts); State v. Sanchez, 642 So.2d 122 (Fla. 5th DCA 1994)(all judges within district must follow ruling of this district court of appeal; judges of other districts must also follow the ruling unless a contrary ruling has issued from their district court).
[4] Fla.R.App. P. 9.030(a)(2)(A)(iv) and (vi).
[5] Pardo; Sanchez; Douglas v. Michel, 410 So.2d 936 (Fla. 5th DCA 1982).