PER CURIAM.
Norman L. Rembert challenges the Unemployment Appeals Commission’s (UAC) ruling upholding the appeals referee’s de-cisión to deny him unemployment compensation benefits. We agree with Rembert that the UAC erred in denying his unemployment compensation benefits, and we reverse that denial.
Rembert is a seasonal employee for Sun Pac Company, and he is temporarily laid off from that job each summer. Rembert’s unemployment compensation benefit year begins on July 1st, and he usually collects unemployment benefits from that date until he is called back to work in October. After Rembert was laid off on May 15, 1998, he went to Rochester, New York, to visit his mother. While there, he worked for Interim Personnel, Inc. (Interim), which provided temporary work assignments. Rembert worked several temporary assignments. Prior to his last assignment, Rembert informed Interim that he would not be able to complete the full term of the assignment because he intended to return to Florida. In July of 1998, Rembert stopped reporting for work at his temporary assignment in New York and returned to Florida. When Rembert left New York, there was still additional work available to him.
After Rembert returned to Florida, he received unemployment compensation benefits for July and August of 1998. He then received notification that he was disqualified from benefits for voluntarily leaving his temporary job without good cause attributable to the employer. The appeals referee concluded that Rembert left his temporary position for wholly personal reasons unattributable to the employer. The UAC upheld that determination.
The record on appeal reflects that Rem-bert only intended to work in New York until it was time for him to collect unemployment compensation benefits in Florida. Under these circumstances, we believe the UAC was correct in determining that he quit his employment without good cause attributable to the employer, and we affirm that portion of the UAC’s decision.
*994 However, the UAC erred in concluding that Rembert totally forfeited his right to receive unemployment compensation benefits. In Berger v. Asolo Center for the Performing Arts, Inc., 686 So.2d 649 (Fla. 2d DCA 1996), this court determined that a claimant does not totally forfeit the right to receive unemployment compensation benefits when he or she leaves a temporary, part-time job without good cause. In Berger, the claimant was terminated from her full-time job. The claimant subsequently obtained a temporary, part-time job; however, she quit the job three days later. This court agreed with the UAC’s determination that the claimant left her job under disqualifying circumstances; however, we ruled that the claimant was still entitled to some portion of her unemployment compensation benefits. See id. at 650. Our holding was based on the cases of Neese v. Sizzler Family Steak House, 404 So.2d 371 (Fla. 2d DCA 1981), and Alderman v. Unemployment Appeals Com’n, 664 So.2d 1160 (Fla. 5th DCA 1995). See id. at 650-51. Specifically, we concurred with the fifth district’s reasoning in Alderman, which follows:
In our view, a more reasonable interpretation of the amended statute is that the UAC is required to individually consider unemployment compensation claims based on the termination of employment for each job, whether it be full-time, part-time, or temporary. This interpretation would mean that, to the extent a worker holding multiple jobs left any job voluntarily and without good cause attributable to the employer, there would be a reduction in benefits but not a total forfeiture of benefits.
Alderman, 664 So.2d at 1162. Thus, in accordance with our holding in Berger, we conclude that the UAC erred in denying Rembert unemployment compensation benefits.
Accordingly, Rembert’s unemployment compensation benefits should not be entirely forfeited, but instead he should be ineligible for further benefits only to the extent that his benefits would have been decreased by virtue of his temporary employment earnings.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and GREEN and STRINGER, JJ., Concur.