647 So.2d 283 (1994)
Victoria M. SAENZ, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Electric Fuels Corporation, Appellees.
No. 93-03545.
District Court of Appeal of Florida, Second District.
December 9, 1994.
*284 Victoria M. Saenz, pro se.
Mary E. Mann of Acosta & Mann, St. Petersburg, for appellee Electric Fuels Corp.
QUINCE, Judge.
Victoria M. Saenz appeals an order of the Florida Unemployment Appeals Commission (UAC) reversing the referee's decision that she was entitled to benefits because she voluntarily left her employment for good cause attributable to the employer. We reverse.
The claimant was an office manager of Progress Environmental Laboratories, a wholly owned subsidiary of Electric Fuels Corporation. She was an excellent employee prior to her departure. Her direct supervisor, Michael G. Sara, permitted his girlfriend, Judy Bex, to visit the office without restriction. Bex was not an employee of the office. Bex visited the office almost daily.
Bex began verbally attacking the claimant soon after she began employment. The attacks were in the form of threats of violence if the claimant did not stay away from Sara. The claimant brought these threats to the attention of Sara and Sara's supervisor soon after they occurred. Both Sara and his supervisor took no action to stop Bex's antagonistic behavior. One evening while the claimant was working late, Bex entered the office and began screaming at the claimant to stay away from Sara. Bex then proceeded to place both her hands around the claimant's neck and lift her off the ground, dragging her about fifteen feet. One of the claimant's co-workers pulled Bex off the claimant. While the claimant ran to another building, Bex gave chase. Bex continued to pursue the claimant until Sara physically escorted her off the property.
The claimant lost four weeks of work due to her injuries. Her injuries included loss of use of her left arm, neck and back pain. After her physician authorized her to return to work, the claimant requested a lateral transfer for either herself or Sara because she felt so long as she and Sara worked together, her safety would be jeopardized. The lateral transfer was denied. The claimant was also denied a position in another office.
Even though her employer offered various security precautions to convince the claimant to return to work, the claimant did not feel that the precautions would ensure her safety. *285 The claimant felt that her safety was at risk both at work and at home, since Bex attempted to contact her at home after the incident. The claimant voluntarily left her employment due to a continuing fear for her personal safety.
The appeals referee found that the employer failed in its responsibility to provide the claimant with a working environment free of reasonably foreseeable physical harm and undue risk to her personal safety. The referee found that the claimant made reasonable attempts to preserve her employment by requesting continued employment at a different location. The referee also found that the claimant acted reasonably and prudently in terminating her employment when a position could not be secured at another location. The referee concluded the claimant was entitled to benefits since she left her employment for good cause.
The UAC reversed the referee's decision, holding the referee made an incorrect conclusion of law. In addition, the UAC made modifications to the findings of fact which were in conflict with facts found by the referee. The UAC mistakenly found that the claimant did not contact an upper-level supervisor regarding her concerns with Bex. The referee's findings of fact specifically state the contrary and are supported by the record. These findings and others made by the referee were based on credibility determinations. Such determinations are within the province of the referee as the trier of fact.
The UAC may only modify or reverse the findings and conclusions of a referee where the referee's findings and conclusions are not based on substantial, competent evidence. Jones v. Creative World School, Inc., 603 So.2d 118 (Fla. 2d DCA 1992); Verner v. UAC, 474 So.2d 909 (Fla. 2d DCA 1985). There was substantial, competent evidence to support the findings of fact and the conclusion that the claimant left her employment for good cause attributable to her employer. Therefore, it was error for the UAC to reverse the decision of the referee.
Accordingly, we reverse the order of the UAC and reinstate the decision of the referee.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.