PER CURIAM.
Ibis Sardinas appeals from the Unemployment Appeals Commission’s reversal of the appeals referee’s decision that she left her employment with good cause attributable to her employer and was qualified for unemployment benefits. § 443.101(l)(a)l, Fla. Stat (2003). We reverse.
“The determination of whether an employee left employment voluntarily and whether the leaving was without good cause are questions of fact.” Brown v. Unemployment Appeals Commission, 820 So.2d 457, 458 (Fla. 5th DCA 2002). “[A]l-though the Unemployment Appeals Commission possesses the authority to reverse an appeals referee’s findings of fact and conclusions of law, the commission may do so only where there is no competent, substantial evidence in the record to support the appeals referee’s decision.” Campeanu v. Fla. Unemployment Appeals Comm’n, 629 So.2d 1015, 1016 (Fla. 4th DCA 1993).
The record reveals that Sardinas had legitimate concerns that she might be terminated as a result of job performance and her decision to accept a severance package offered by her employer was reasonable. There was substantial competent evidence supporting the appeals referee’s finding that she voluntarily left her employment with good cause attributable to her employer.

Reversed.

STEVENSON, C.J., TAYLOR and HAZOURI, JJ., concur.