946 So.2d 586 (2006)
LAWNCO SERVICES, INC., Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Shannon B. Bowman, Appellees.
No. 4D06-1011.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
*587 Mark J. Berkowitz of Mark J. Berkowitz, P.A., Fort Lauderdale, for appellant.
Dion J. Cassata of Cassata & Hanson, P.L., Hallandale Beach, for appellee Shannon B. Bowman.
POLEN, J.
This appeal arises from an order of the Florida Unemployment Appeals Commission ("UAC") awarding unemployment compensation benefits to claimant/appellee, Shannon B. Bowman. We reverse the UAC's determination and remand for reinstatement of the appeals referee's decision.
This cause came before the UAC on Bowman's appeal of an appeals referee's decision wherein Bowman was held disqualified from receipt of unemployment compensation benefits.[1] The referee had found that Bowman worked for LawnCo as a general hourly lawn maintenance employee. After Hurricane Katrina, and due to the nature of LawnCo's businesslawn maintenance and brush cleanup, Bowman worked an average of fifteen hours of overtime a week. However, he was paid his standard wage as opposed to an elevated overtime wage for that extra time. Believing that he was not being properly compensated, Bowman quit his job.
In front of the appeals referee, Bowman testified that LawnCo had promised him a bonus for the extra work. A witness for LawnCo testified that Bowman was never *588 promised any bonuses and was told he would be paid his regular wage. After finding LawnCo's testimony more credible, the referee held that Bowman voluntarily left work without good cause and disqualified him from receipt of unemployment compensation benefits. The referee based its decision on the following "Conclusions of Law":
The records reflect the claimant felt that he was entitled to compensation and was not being properly compensated. While the claimant's reasons for quitting may have been personally compelling, it was incumbent upon the claimant to contact the employer regarding his concerns. Under the circumstances, the claimant has not established that he made an effort to advise the employer of the problem and made a reasonable and adequate effort to maintain and preserve the employment relationship. Accordingly, the claimant has not established good cause for quitting his job.
The UAC accepted the referee's findings of fact. However, upon review of the record it reversed the referee's decision, concluding that Bowman left work with good cause. The UAC found that while Bowman may not have been promised a bonus, LawnCo's failure to pay him overtime wages violated the Fair Labor Standards Act, 29 U.S.C.S. §§ 201 (2006) ("FLSA"), thus giving him good cause to terminate his employment. LawnCo now appeals the UAC's decision.
First, we hold that the UAC was precluded from reversing the referee's decision because the referee's decision was supported by competent, substantial evidence. "The administrative construction of a statute by the agency charged with its administration is entitled to great weight." Dep't of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815, 820 (Fla.1983) (citation omitted). However, the UAC possesses the authority to reverse an appeals referee's findings of fact and conclusions of law only where there is no competent, substantial evidence in the record to support those findings. Sardinas v. Unemployment Appeals Comm'n, 906 So.2d 1204, 1205 (Fla. 4th DCA 2005) (per curiam) (quoting Campeanu v. Fla. Unemployment Appeals Comm'n, 629 So.2d 1015, 1016 (Fla. 4th DCA 1993) (per curiam)); see also Saenz v. Fla. Unemployment Appeals Comm'n, 647 So.2d 283, 285 (Fla. 2nd DCA 1994) ("[T]he UAC may only modify or reverse the findings or conclusions of a referee where the referee's findings and conclusions are not based on substantial, competent evidence."); Tourte v. Oriole of Naples, 696 So.2d 1283, 1284 (Fla. 2d DCA 1997) (concluding that "good cause attributable to the employer" is an ultimate fact best left to the fact-finder); but see Tourte, 696 So.2d at 1286-87 (Altenbrand, C.J., dissenting) (concluding that the majority's opinion deprives the UAC of its right to make a valid legal and policy decision); Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106, 1106 (Fla. 5th DCA 1990) (holding that the UAC may reverse a referee's good cause determination because the question of "good cause attributable to the employer" is strictly a matter of law). In the instant case, the referee's decision was based on unrefuted evidence that Bowman tendered his letter of resignation and quit his job without first communicating his concerns to LawnCo or making any other reasonable effort to preserve the employment relationship. Although the UAC may have considered LawnCo's failure to properly compensate Bowman more compelling or more relevant to a good cause determination,[2]Sardinas dictates that the UAC may *589 not reverse a referee's decision by simply reweighing the evidence. See Sardinas, 906 So.2d at 1205; see also Tourte, 696 So.2d at 1284 ("If it is argued that `good cause attributable to the employer' is a question of law in which the decision of the [UAC] or this court turns on interpretation of the record, we disagree."). We therefore conclude that the UAC erred in reversing the referee's decision.
We also find that the UAC erred in relying on the FLSA to determine that Bowman had good cause for terminating his employment with LawnCo. The UAC found that LawnCo's failure to compensate Bowman for overtime work violated the overtime provisions of the FLSA, 29 U.S.C.S. § 207(a) (2006). This violation, according to the UAC, gave Bowman good cause to terminate his employment.
The FLSA guarantees time and a half for overtime, but only for employees who work for an "[e]nterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C.S. § 203(s)(1)(A) (2006). These organizations are those that (1) have an annual dollar volume of sales or business done of at least $500,000; and (2) those that have employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C.S. § 203(s)(1)(A)(i), (ii) (2006). Neither the UAC nor the appeals referee engaged in an analysis of the potential applicability of the FLSA to this dispute; nor does there appear to be evidence in the record which would indicate that LawnCo is an "enterprise" covered under the FLSA (LawnCo is in the lawn maintenance and brush cleanup business in Broward County). Therefore, we find there was no record support for the UAC to make a finding under the FLSA.
Reversed and remanded with instructions.
KLEIN and MAY, JJ., concur.
NOTES
[1] The appeals referee affirmed the determination of the claims adjudicator.
[2] Section 443.101, Florida Statutes, states that an employee who leaves his employment without good cause attributable to his employer is not eligible to receive unemployment compensation benefits. Fla. Stat. § 443.101(1)(a) (2006). "To voluntarily leave employment for good cause, the cause must be one which would reasonably impel the average able-bodied qualified worker to give up his or her employment . . . The applicable standards are the standards of reasonableness as applied to the average man or woman, and not to the supersensitive." Uniweld Prods., Inc. v. Indus. Relations Comm'n, 277 So.2d 827, 829 (Fla. 4th DCA 1973); see also Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106, 1106 (Fla. 5th DCA 1990) (stating that the standard is not that of the highly emotional, supersensitive employee).