SUAREZ, J.
Lizayda Morales [“Morales”] seeks to reverse a final order of the Florida Unemployment Appeals Commission [“UAC”] disqualifying her from unemployment benefits. We affirm.
Morales was employed as a manager at a retail store. She was later demoted to assistant manager because of performance issues, but nothing was ever reduced to writing. Morales was then assigned to assist the new store manager. The two allegedly had difficulties working together. After a particularly vociferous argument between the store manager and Morales, the district manager called Morales in to discuss the situation. At the end of the discussion he advised Morales that she was not needed if she could not get along with her manager. She interpreted this to mean that she was fired, and she left the job. The UAC held a telephonic hearing with both parties and witnesses, and determined that Morales voluntarily left the employment without good cause, and disqualified her from receiving unemployment benefits.
Both parties admit that Morales had an argument with the store supervisor, and that her subsequent discussion with her district manager resulted in her walking off the job. The record testimony of the district manager is that he did not discharge Morales, but rather gave her a choice to either strive to get along with her store manager or face the possibility of discharge. Morales and the district manager both testified at the hearing that the district manager told her she would not be needed if she could not get along with the store manager. She assumed that she had been discharged and left the store, but did nothing to clarify or follow up with her district manager after their discussion of Morales’s allegedly unprofessional behavior towards her store manager.
This record contains substantial competent evidence to support the UAC’s findings that Morales voluntarily left employment without good cause. See Maynard v. Fla. Unemployment Appeals Comm’n, 609 So.2d 143, 145 (Fla. 4th DCA 1992) (stating that the appellate court will not disturb UAC action unless there is a lack of competent substantial evidence to support that action). The Referee’s findings reflect that the employer left it up to Morales as to whether she kept her employment by attempting to resolve her differences with her immediate manager. The record also shows that Morales made no efforts to preserve her job and did nothing to follow up with her supervisor after cooling off. See Glenn v. Fla. Unemployment Appeals Comm’n, 516 So.2d 88, 89 (Fla. 3d DCA 1987) (“Whenever feasible, an individual is expected to expend reasonable efforts to preserve his employment.”); see also LawnCo Servs., Inc. v. Unemployment Appeals Comm’n, 946 So.2d 586 (Fla. 4th DCA 2006) (concluding that the claimant voluntarily left work without good cause when he quit due to dissatisfaction with his pay, without first bringing his concerns to the employer’s attention or making other reasonable effort to preserve his employment). We therefore affirm the UAC’s decision.
Affirmed.